## SHERMAN REYNOLDS v. JAMES JOHNSTON.

Where the vendee in a parol contract for the sale of land goes into possession and makes improvements, he is entitled in equity to a decree for specific performance, and not for the value of his improvements, unless the vendor is unable to make title. Should the vendor be unable to make title, then the vendee would be entitled to judgment for the value of his improvements, subject to a deduction for the rents and profits.

Where a judgment was erroneous in kind, being for the value of improvements instead of specific performance where there was a parol contract for the sale of land, but neither plaintiff or defendant objected to it on that ground, and the Judge had refused to charge the jury that if they found for the plaintiff, they should deduct the rent from the value of the improvements, the Court said, "Notwithstanding the verdict of the jury, when applied to the state of the "pleadings, would not sustain the judgment of the Court, if it had not been for "the error committed in refusing to give the charge asked as to the rent, and it "had been deducted from the value of the improvemets, we could not have re-"versed the judgment; because neither plaintiff nor defendant in the Court had "objected to or complained of the unauthorized act of the Court in substituting a "moneyed compensation for specific performance. The judgment was reversed "and re-formed."

Where the plaintiff sued for specific performance of a parol contract for the sale of land, and alleged the payment of the purchase money, and the verdict found the other facts alleged in his petition, without stating whether the purchase money had been paid or not, it was held that the verdict was sufficiently certain; that the not finding that it was paid amounted to a finding that it was not paid.

Error from Bastrop. This suit was brought by the defendant in error against the plaintiff in error. The object of the suit was to obtain the specific performance of a parol sale of a lot of ground in the town of Bastrop. The plaintiff in his

petition alleged that at the instance of the defendant, Reynolds, he purchased of said defendant a lot of ground in Bastrop, at the price of two hundred dollars ; and that the said defendant induced him to go into the possession of the said lot, and to make large improvements thereon, and urged him to make still much larger, and that he had made improvements costing him four hundred and ninety-five dollars, the defendant all the time acknowledging that the lot so sold belonged to the plaintiff; that he now claims the said lot as his own, denying that he had ever sold it to the plaintiff, and has published a notice cautioning all persons from purchasing the lot from the plaintiff.  The plaintiff prayed that the defendant be compelled to make title, or if not, that he pay the amount expended by the plaintiff on the improvements made upon the lot.  The jury in their verdict found the sale, as stated, of the lot, the possession, and that the improvements were worth four hundred and ninety-five dollars, for which amount the Court awarded judgment against the defendant.   The defendant sued out a writ of error, and assigned for error, the refusal of the Court below to charge the jury that in assessing the value of the improvements they should deduct therefrom the value of the use, or rent of the said lot.

*Sayles*, *Blanton* and *A. J. Hamilton*, for plaintiff in error.

*Oldham* and *Claiborne*, for defendant in error.

LIPSCOMB, J.  But for the singular error in rendering a moneyed judgment upon the verdict of the jury, we should have regarded the point reserved by the bill of exceptions, as to deducting the rents from the improvements, as entirely irrelevant to the question of fact before the jury.

Now, the only legitimate object of the proof of the improvements made upon the lot by the petitioner, was to establish his equitable right to a specific performance of the contract, and not to ascertain the amount of a moneyed judgment.   Specific

performance was all that could be awarded under his petition, and he had no right to a judgment for the cost of the improvements; because, although he asks in his petition for a specific performance, or for payment of his improvements, he had no claim for the latter, only on a contingency, that has not found place in his petition, that title could not be secured to him by a decree against the defendant. This could happen only in the event of the legal title having passed out of Reynolds to an innocent purchaser, or that it was never in him. There are no such allegations in the petition; but the suit for a specific performance is predicated upon the legal title being in Reynolds. Had the plaintiff alleged and proven his equities, and alleged the inability of the vendor to make title, he might then have claimed a reimbursement of his expenditures, but then, subject to a deduction for the use of the lot he had enjoyed under the contract with the defendant. From the state of the pleadings, it is not perceived how the question of the value of the use or rent could have been raised. That in the mind of the Court it was raised, there can be no doubt, because when the Court below erroneously allowed a judgment against the defendant for the value of the improvements, the question of deduction for rents naturally followed, and it was adding one other blunder to the one already committed, to refuse the instruction asked; one growing out of the other. The first error, as before stated, was, giving the judgment against the defendant for the value of the improvements. The decree should have been for a specific performance of the contract.

Notwithstanding the verdict of the jury, when applied to the state of the pleadings, would not sustain the judgment of the Court, if it had not been for the error committed in refusing to give the charge asked as to the rent, and it had been deducted from the value of the improvements, we could not have reversed the judgment; because neither plaintiff nor defendant in the Court had objected to, or complained of the unauthorized act of the Court in substituting a moneyed compensation for a specific performance.

Reynolds v. Johnston.

The verdict does not find that the purchase money or price of the lot, alleged by the petitioner to have been two hundred dollars, had been paid. The plaintiff in the Court below will therefore stand justly charged with the payment of the price of the lot, as a condition precedent to decree vesting the title in him. In the petition, it is alleged that the petitioner had paid the purchase money in work and labor, and that it had been deducted from the account of petitioner against the defendant, for building for him a large house. This allegation is not sustained, but is negatived by the proof. It was not, however, necessary that the verdict should have been more specific as to the payment of the price of the lot. The not finding that it had been paid, amounted to a finding that it was not paid. The verdict was therefore sufficiently certain, and we have every thing before us that is essential to enable us to understand the decree that should be rendered ; and we, on reversing the judgment of the Court below, ought to render the proper decree here, as it is only the judgment, and not the verdict of the jury, we reverse. We find no error in the verdict ; and the proper decree here will be, vesting the title in the petitioner in the Court below, on his paying to Reynolds the two hundred dollars, with legal interest from date of the commencement of the suit.

The judgment will therefore be reversed and rendered accordingly ; and it is ordered that the costs of this Court be taxed against the defendant in error, and that defendant in error recover of the plaintiff in error all his costs in the Court below.

Reversed and re-formed.