### John Nevins v. James T. Thomas.

#### No. 6781.

**Damages for Breach of Contract to Sell Land.**—Suit for specific performance, and in alternative for damages for breach of a contract, the petition showing that the defendant had put it out of his power to comply. The contract bore date December 10, 1883, and thereby Nevins contracted to sell eighty acres of land to plaintiff in consideration of three notes of $80 each, one due January 1, 1886, and the others January 1, 1887. In the contract was this provision: "It being necessary for the District Court of Grayson County to set apart and ratify the sale of the interest of the estate of W. H. Day to the above contract, at which time deed to Jas. T. Thomas is to be made, subject to the above described notes and conditions." June 6, 1886, a partition was had in which one-third of the two hundred and forty acres tract owned jointly by Mrs. Day, widow, and a son of W. H. Day, was allotted to Nevins, he selecting a subdivision not including the land contracted to Thomas, and on which Thomas had been residing. Thomas in January, 1886, applied to Nevins to perfect the contract. Nevins refused, alleging that the Day suit had not terminated. January 16 Thomas again sought compliance, offering to pay or execute the notes for the purchase money. Nev-

ins then refused, alleging as reason that the land had not been allotted him in the suit, with the Days. Thomas suing for damages, *held:*

1. Nevins having put it out of his power to comply with his contract to sell by voluntarily selecting other lands in the partition, was liable for damages for his breach of, contract.

2. The notes being for consideration and upon the execution of the deed it was not a breach by Thomas that he had not executed the notes.

3. Nevins having put it out of his power to comply with his contract it would thereafter have been useless in Thomas to have made the notes and tendered them.

4. A verdict and judgment for damages in favor of Thomas sustained.

APPEAL from Grayson. Tried below before Hon. H. O. Head. The opinion states the case.

*W. W. Wilkins,* for appellant, cited Milligan v. Ewing, 64 Texas, 258; Dunlap v. Wright, 11 Texas, 597; Scarborough v. Arnet, 25 Texas, 129; Mitchell v. Sheppard, 13 Texas, 484; Bish. on Con., sec. 1418.

No brief for appellee reached the Reporter.

HOBBY, PRESIDING JUDGE.—While the relief prayed for in this case is double—specific performance of the contract if possible, if not damages for a breach thereof—the allegations in the petition show that the "defendant has disabled himself," or put it out of his power to comply. The action therefore is one seeking compensatory damages for such noncompliance.

It was brought by appellee James T. Thomas against appellant John Nevins for the breach of an agreement in writing entered into by the latter on December 10, 1883, to sell and convey eighty acres of land to the former in consideration of three notes of $80 each. The first was to become due January 1, 1886, and the others on January 1, 1887. The following language is contained in the contract: "It being necessary for the District Court of Grayson County to set apart and ratify the sale of the interest of the estate of W. H. Day to the above contract and agreement, at which time deed to Jas. T. Thomas is to be made subject to the above described notes and conditions."

The issues tendered in the petition were that appellant purposely put it beyond his power to perform, and plaintiff was damaged thereby, and that the clause last quoted was the result of fraud or mistake, and that it should read "that as soon as the District Court of Grayson County could set apart and partition the land then in suit and controversy in said court between this defendant and the plaintiff and Mabel and Willie M. Day as defendants, No. 5208, the same being a suit for partition of two hundred and forty acres of land between said defend-

ant and the Days as tenants in common, that the said defendant would then execute and deliver the deed to the land."

There was a general denial and special pleas not requiring notice. The trial on March 21, 1888, resulted in a verdict and decree for plaintiff for $58, which the defendant Nevins appealed from. It is admitted that plaintiff is entitled to that sum if he can recover under the facts.

In addition to the contract in evidence, it was shown that the land which was owned by the Days and appellant as tenants in common was partitioned according to law between them by decree on June 2, 1886, and that appellant was allowed to select either of the tracts into which it had been divided equally as to quantity and quality, and that he did not select that tract embracing the land in question.

The appellee Thomas was in possession of the land at the time of the contract, December 10, 1883, and though the notes were to be executed as before stated and the first would be due January 1, 1886, and the other two January 1, 1887, he had not seen appellant until the spring of 1886. But the testimony further shows that in May, 1886, appellee asked for the deed and appellant told him the partition had not been made; that on July 5, 1886, he again demanded it, and defendant informed him that he had not been allotted the land in the partition. On both occasions plaintiff offered to pay the purchase money or execute the notes, but the defendant refused to make the conveyance on the grounds stated.

The charge instructed the jury that it was undisputed that it was out of the power of the defendant to comply specifically with the contract, and that they would be confined solely to the question of damages; and that if the land was partitioned between Nevins and the Days, and at his request the share set apart to him did not embrace the land in dispute, and it was given to the Days, this would place it out of his power to comply with the contract and entitle plaintiff to any damages sustained by him. The jury were also instructed as to the measure of damages.

This is assigned as error; because: "(1) The choice by defendant of such portion of said land in the partition as did not embrace the land in question was not a breach of the contract sued on, for said contract did not contemplate such partition, and the making of the deed provided for in the contract was not conditioned on the making of a partition of said land and the part embracing the land in question falling to the defendant, but the making of said deed was to depend on the sale being ratified or approved by the District Court of Grayson County. (2) There was no evidence tending to show that the partition was made in the manner alleged and at the instance and request of the defendant. (3) The evidence shows that prior to the time of said partition the plaintiff himself had broken the contract sued on, in that he had not made and delivered or tendered the notes called for by

the contract, and had not paid or tendered the purchase money due under the said contract, and there was no legal or equitable excuse alleged and·proved for his failing to comply with the contract. (4) The evidence showed that plaintiff's default was willful·and intentional."

There was evidence showing that the partition was made as alleged, and at the request of defendant. It is true the literal language of the contract did make the sale depend on a "setting apart and ratification of the sale of the interest of the estate of W. H. Day," etc. But· the evidence of the partition introduced was in.support of the plaintiff's averment that such (the partition by the District Court) was the meaning of the language; and the charge of the court correctly conformed to the allegations and proof on this point. The testimony did not show that the plaintiff failed to comply with the contract. This disposes of the errors properly assigned.

It is not called to our attention under an assignment in proper form, but in the appellant's argument it is stated that "the court decided and so charged the jury that appellee was entitled to recover if the land had been partitioned and the appellant had received at his instance a part of the land which did not embrace the part in controversy, and this whether or not appellee had complied with his part of the contract."

The principle, it is true, appears to be authoritatively recognized that whether the suit be one in equity for a specific performance or an action at law for damages for the breach of the agreement, the plaintiff must have performed "the precedent conditions incumbent on him." Mitchell v. Sheppard, 13 Texas, 491. In this case it is claimed that the plaintiff did not perform any of the conditions and made no effort to do so; that the first note, which was to become due on January 1, 1886, was not executed, and he did not see the defendant until the spring of 1886, and that having executed none of the notes and paid no part of the purchase money he is not entitled in action at law to damages.

If the foregoing method of presenting the question is such as entitles it to consideration and disposition, and appellant's construction of the facts is correct, we think it is a sufficient answer to his position that the proof shows that appellant did not, in May or July, 1886, when appellee offered to perform the conditions incumbent on him, put his refusal on the ground that the latter was or had been·in default in whole or in part. The reason first assigned was that the land had not been divided, and upon the second offer by appellee the refusal was on the ground that the land had not been allotted to him by the partition. The condition upon which the execution of the contract, as shown by the proof, necessarily depended was this partition by decree of the District Court. And it was to be executed "subject to the notes," two of which would not become due until January 1,

1887. One was to become payable January 1, 1886. They were to constitute the consideration for the deed, and could not, or it does not appear that they were to, be executed until the sale of the land and its conveyance to appellee. There was no disaffirmance by appellant on the ground of any default in appellee. So, too, the facts fail to show that prior to the partition decree the contract was broken by appellee. After the appellant had "disabled himself" to convey, it is obvious that any effort on the part of appellee to carry out any of the conditions of the agreement would have been a meaningless ceremony.

The correctness of the doctrine before cited as applicable to actions at law for damages for breach of the covenant to convey, and which doctrine requires that the plaintiff shall be without fault, is not questioned. But the principles referred to have no application to this case, where the plaintiff is not in default and where the defendant has voluntarily put it out of his power to comply.

We think the judgment should be affirmed.

*Affirmed.*

Adopted April 28, 1891.