A. R. HICKMAN ET AL. V. V. J. WITHERS.

No. 3195.

1. **Conveyance of Pre-emption Right.**—A deed in writing is not essential to
the transfer of a pre-emption claim. A verbal sale to a purchaser who immediately
becomes the occupant is sufficient.

2. **Conveyance of Homestead Right—Statute of Frauds.**—Should it be con-
ceded that the pre-emption was a homestead right, the same rule as to parol executed
sales of land as taking the case out of the effect of the statute of frauds would apply
to the homestead right.

3. **Parol Sale of Land.**—See facts held sufficient to establish a valid sale of land
by parol contract with possession changed and consideration paid.

4. **Homestead.**—It being insisted that the land was in fact the homestead of the
family at the time of the parol sale by the husband, touching this contention the record
does not show the fact that it was the homestead. See facts.

5. **Specific Performance.**—A purchaser suing the vendor who had regained pos-
session of a tract of land sold by parol, having tendered a balance of the purchase
money before suit, on gaining the land should have been adjudged liable for the pur-
chase money. The omission corrected on appeal.

APPEAL from Jasper.    Tried below before Hon. W. H. FORD.
The opinion states the case.

*W. W. Blake*, for appellants.—1.  To entitle one to a specific perform-
ance of a contract to convey land, the petition should show that the
contract was in writing, or should show on its face that the grantee of
the party sought to be charged had made valuable improvements or
done some other act that would entitle him to equitable relief; and
should show that the grantee had performed or offered within a reason-
able time to perform his part of the contract.    Jones v. Jones, 49 Texas,
683;  Wood v. Jones, 35 Texas, 65;  Wooldridge v. Hancock, 70 Texas,
18;  Bradley v. Owsley, 74 Texas, 69;  Ann Berta Lodge v. Leverton,
42 Texas, 24;  Ward v. Stuart, 62 Texas, 335;  Sedg. & Wait Trial of
Title to Land, secs. 169, 170.

2.    Payment of part of the purchase money with delivery of posses-
sion does not of itself raise such equities as will take the case out of
the statute of frauds.    It must be shown clearly in addition that valu-
able improvements have been made and performance tendered by the
grantee.

3.    Each case of this character depends on its own facts.    In this
case, before the equitable claim will prevail over the legal title, every
fact should be clearly proved that would entitle the plaintiff to the re-
lief prayed for—that is, payment of the purchase money or a legal
tender within a reasonable time or before the contract is abandoned,
delivery of possession, valuable improvements made by the grantee on
the faith of the contract, insolvency of the grantor or his inability to
respond in an action for the money advanced.

4.    The land in controversy was a homestead donation at the date of
the sale, and could not be conveyed by the husband by a parol sale.
Neither could there arise such equities subsequent to the sale as would
defeat the right of the wife in possession at the institution of the suit.
Rev. Stats., arts. 560, 3947;  Const., art. 16, sec. 50.

*Howell & Beaty* and *Seale & Powell*, for appellee.—1.  A deed or writing
is not essential to the transfer of a pre-emption claim.    A verbal sale
to a purchaser who immediately becomes the occupant is sufficient.
Bledsoe v. Cains, 10 Texas, 455;  Hibbert v. Aylott Heirs, 52 Texas, 530.

2.    Where a vendee in a parol contract for the sale of land, by and
with the consent of the vendor, goes into possession of the land, builds
houses, and cultivates a portion of the land as his own for years with-
out any objection on the part of his vendor, the court will decree a con-
veyance of the title upon payment of balance of purchase money due.
Duggan Heirs v. Colville Heirs, 8 Texas, 126;  Ottenhouse v. Burleson's
Admrs., 11 Texas, 87;  Robinson v. Davenport, 40 Texas, 333;  Neath-
erly v. Ripley, 21 Texas, 434.

3. The right to a specific performance of a contract for the conveyance of land upon which a portion of the purchase money has been paid follows the land into the possession of a second vendee, who purchases for a valuable consideration, and with the knowledge and acquiescence of the original vendor makes valuable improvements thereon. Such second vendee is subrogated to all the rights, both legal and equitable, of his vendor under such contract, and can enforce such right against the original vendor or those claiming under him in privity or by purchase on payment of balance of purchase money due. 1 Story Eq. Jur., secs. 788, 789; Bisp. Eq., sec. 365, and authorities cited; Warhmund v. Merritt & Metcalf, 60 Texas, 24; Railway v. Settegast, 79 Texas, 261; Hamblen v. Folts & Walsh, 70 Texas, 132; Goode v. Lowery, 70 Texas, 150.

GARRETT, PRESIDING JUDGE, *Section B.* — V. J. Withers, the appellee, brought this suit in the District Court of Jasper County, February 14, 1891, against G. A. Hickman, for the recovery of 160 acres of land, the G. A. Hickman pre-emption survey. He alleged, that Hickman had sold the land to one Eli Lowe for a consideration of $80, of which $50 had been paid, and that Hickman had obligated himself upon payment of the balance to make Lowe a deed for the land; that afterward, with the knowledge and acquiescence of Hickman, plaintiff bought the land from Lowe and assumed the payment of the balance of the purchase money to Hickman; that plaintiff then entered upon and took possession of the land and made valuable improvements thereon, and had tendered the balance of the purchase money to said Hickman, but that he had refused to receive the same and to execute to plaintiff a deed for the land. Plaintiff set out specifically the nature and value of the improvements; charged that during the time the improvements were being made the defendant well knew that the plaintiff was claiming the premises and never objected, but acquiesced in his possession and improvement for a period of more than five years; and until about the 1st day of January, 1891, when the defendant entered upon said premises and ejected the plaintiff therefrom. Plaintiff tendered the balance of the purchase money, and prayed judgment for specific performance and for restitution of the premises.

Before service of citation the defendant died, and his wife A. R. Hickman, his daughter Mary L., and her husband Monroe Reese were made parties defendant. They answered by general demurrer, plea of not guilty, and a general denial.

Trial was had before the court without a jury, September 17, 1891, and resulted in a judgment for the plaintiff for the land and for a writ of possession. Plaintiff's tender of the balance of purchase money was not followed by payment of the money into court, and no judgment was rendered therefor in favor of the defendants.

Appellants' first assignment of error relates to the action of the court in overruling the demurrer. The record does not show that the demurrer was ever presented and ruled upon, and it will therefore be considered as having been waived.

Before considering the remaining assignments of error, it will be proper to see what the facts are. At some time prior to December 24, 1883, Hickman made an application for the pre-emption of 160 acres of land; about that time he sold the pre-emption by verbal sale to one Eli Lowe for a consideration of $80, of which Lowe paid him a yoke of oxen valued at $50, and the remainder was to be paid when Hickman made Lowe a written transfer to the land. Lowe went into possession and lived on the premises from December, 1883, to July, 1885; and during this time he went to Hickman and told him that he was ready to pay the balance of the purchase money, and asked for a deed. Hickman replied, that as soon as he could have the corrections of the field notes made he would make the deed. In July, 1885, Lowe sold out to the plaintiff, and it was arranged between Lowe, Hickman, and Withers, that Withers should pay the $30 balance due from Lowe as soon as Hickman made a transfer of the land. Soon after his purchase Withers took possession of the land and made improvements thereon amounting in value to $345, with full knowledge on the part of Hickman. He tendered Hickman the balance of the purchase money, but the latter said that from letters he had from the Land Office he doubted his having any claim, and did not want the money for nothing. C. K. Withers, a son of the plaintiff, who had possession of the land for his father, then made application in his own name for a survey to keep his father from losing what he had paid out, as he testified. Hickman knew of this application, and told the surveyor who went to make the survey that he had sold to Lowe and that Lowe had sold to Withers. Hickman was again called on for a deed, which he agreed to make as soon as the corrections could be made; and it was agreed that the $30 should be settled with fifteen barrels of corn and $15 in money. Patent was issued to Hickman in June, 1890, and the money was then again tendered to him and a deed requested; but he refused to accept it and make a deed, but demanded $100 before he would make the transfer, stating that he had been at some expense in employing counsel to assist and advise him as to getting the patent, and that he would have to be paid for his trouble.

It was held by our Supreme Court, in the case of Bledsoe v. Cains, 10 Texas, 455, that a deed in writing is not essential to the transfer of a pre-emption claim; and that a verbal sale to a purchaser who immediately becomes the occupant is sufficient. The court said, "Neither the pre-emption law nor the dignity of the right to be conveyed required that it should be by deed." But in the event that a written con-

veyance should be deemed essential, either because it is in effect a conveyance of the land or that it was a homestead entry and not a preemption—the law requiring that a homestead entry shall be transferred in writing (Rev. Stats., art. 3947)—we think that the facts show a case that would take the transaction out of the statute of frauds or the provision of the law concerning homestead donations referred to, which would have no more conclusive effect than the statute of frauds. It was clearly shown that a verbal sale was made by Hickman to Lowe of his right to pre-empt the land or enter it as a homestead, as the case may be, for a consideration stipulated, of which more than one-half was paid in cash, the balance to be paid whenever a deed should be made, and that a deed was not executed because of corrections to be made in the field notes of the survey; that Lowe went into possession of the land, and afterward with the approval of Hickman sold the same to plaintiff, who by an arrangement with Hickman assumed the payment of the balance of the purchase money; and that Withers took possession of the land and made valuable improvements thereon, and offered to pay the balance of the purchase money as he had agreed to do.

The application of plaintiff's son to pre-empt the land does not affect the right of the former to have a specific performance, because it was made in response to Hickman's doubt that he had any claim, and for the purpose of strengthening plaintiff's title to the land.

It is urged by counsel for the appellants that the land in controversy was a homestead donation at the date of the sale, and could not be conveyed by the husband by parol; and that no such equities could arise subsequent to the sale as would defeat the right of the wife in possession at the institution of the suit. This defense does not seem to have been presented in the court below, and is not sustained by any proof whatever; and the assignment of error which raises the question is founded entirely upon the allegation in plaintiff's petition, that Hickman was in possession of the land when the suit was brought; the recital in the judgment, that this day "came Mrs. A. R. Hickman, surviving wife of G. A. Hickman;" and that she and the other appellants were admitted to be the legal representatives of the original defendant, G. A. Hickman. It was not shown that the land was in use as a homestead at the time of the sale; and although it may have been a homestead donation instead of a pre-emption, as it is called throughout the record, it would be necessary that the facts should appear which would show that the land was in use as a homestead to avoid the sale.

But the court should have rendered judgment in favor of the defendants for the balance of the purchase money unpaid, which was shown to be $30; and the judgment of the court below should be reformed at the cost of the appellee, so that the appellants shall recover of the ap-

pellee the said sum of $30 with legal interest from the date of that judgment, with lien on the land to secure its payment; and being so reformed, that it be affirmed as to the recovery of the land.