COMBEST v. GLENN.

(Court of Civil Appeals of Texas. Dallas. Nov. 25, 1911. Rehearing Denied Jan. 6, 1912.)

1. APPEAL AND ERROR (§ 302*)—MOTION FOR NEW TRIAL—STATEMENT OF GROUNDS.

A motion for a new trial on the ground of the insufficiency of the evidence to support the verdict, which did not point out wherein the evidence was insufficient, was too general to support an assignment of error on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1744–1752; Dec. Dig. § 302.*]

2. MONEY RECEIVED (§ 9*)—THIRD PERSONS.

The fact that plaintiff loaned money to another which was used to obtain material placed upon defendant's land would not of itself make defendant liable to plaintiff for such money, in absence of a showing of agency.

[Ed. Note.—For other cases, see Money Received, Cent. Dig. § 31; Dec. Dig. § 9.*]

3. SPECIFIC PERFORMANCE (§ 121*)—ACTIONS—SUFFICIENCY OF EVIDENCE — POWER TO CONVEY.

Evidence, in an action for specific performance of land under an agreement to convey in consideration of services, etc., held not to show that plaintiff had been threatened with ejection from the land, or that defendant has placed it beyond his power to convey as agreed.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 387–395; Dec. Dig. § 121.*]

4. VENDOR AND PURCHASER (§ 337*)—DAMAGES FOR IMPROVEMENTS.

Since a purchaser under a parol contract to sell land, who takes possession and makes valuable improvements thereon, is entitled to a decree of specific performance, he cannot abandon the land and sue for the value of his improvements, unless the vendor is unable to give title, though, were that the case, he could recover damages for the injury caused by the vendor's failure to convey.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. §§ 985–990; Dec. Dig. § 337.*]

5. SPECIFIC PERFORMANCE (§ 12*) — CONTRACTS ENFORCEABLE—LOCATION OF LAND.

A suit cannot be maintained in this state to compel specific performance of a contract to convey land located in the republic of Mexico.

[Ed. Note.—For other cases, see Specific Performance, Cent. Dig. §§ 26–29; Dec. Dig. § 12.*]

6. EVIDENCE (§ 81*) — PRESUMPTIONS — FOREIGN LAWS.

In absence of allegations or proof showing the laws of Mexico upon the subject, in a suit for specific performance, the rights of the parties must be determined by the laws of Texas, though the subject-matter of the action be situated in Mexico.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 102; Dec. Dig. § 81.*]

7. EVIDENCE (§ 81*)—PRESUMPTIONS.

In absence of a contrary showing, it will be presumed that the laws of the republic of Mexico are the same as those of Texas.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 102; Dec. Dig. § 81.*]

8. APPEAL AND ERROR (§ 1177*) — DISPOSITION—VERDICT.

Where the verdict is general, so that the appellate court cannot determine how much thereof was awarded as damages for items which plaintiff was entitled to recover, and how much for items for which he was not entitled to recover, the judgment must be reversed and remanded.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4597–4620; Dec. Dig. § 1177.*]

Appeal from District Court, Collin County; J. M. Pearson, Judge.

Action by W. M. Glenn against J. W. Combest. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

H. L. Davis, for appellant. Garnett & Hughston and R. C. Merritt, for appellee.

TALBOT, J. This action was brought by the appellee, Glenn, against the appellant, J. W. Combest, to enforce specific performance of an alleged verbal contract for the conveyance of certain lands situated in the state of San Luis Potosi, in the republic of Mexico, and, in the alternative, for damages for the breach of said contract; also for work and labor performed by the said Glenn on said land, and for the board of certain persons, etc., all as shown by exhibits attached to plaintiff's petition.

The material allegations of the petition are, in substance, that the defendant, being the owner of two large tracts of land in said state of San Luis Potosi, republic of Mexico, one consisting of about 30,000 acres, known as the "Taninual Hacienda," near the town of Las Palmas, on the Mexican Central Railroad, and the other consisting of about 11,631 acres on the Coy river, and, being desirous of establishing a town on said lands and of selling the same, on or about the 20th day of March, 1906, made and entered into a verbal contract with plaintiff, whereby the defendant promised and agreed that if plaintiff would move with his family upon the largest tract of land mentioned, known as the "Taninual Tract," and build a hotel on it at a place to be designated by defendant, and run the hotel until the town that defendant was contemplating establishing on said land should have houses enough in it to accommodate such persons as might come to that place to see and buy the defendant's lands and town lots, that he (defendant) would deed and convey to plaintiff 100 acres of said land to be selected anywhere out of said tract by the plaintiff, and in addition thereto would deed and convey to plaintiff a town lot of 2 acres, on which the hotel was built; that plaintiff, in compliance with said contract, at his own cost and expense, forthwith moved with his family to said state of San Luis Potosi, and went upon the largest tract of said land, and went to work at once to construct and build said hotel at a place then and there pointed out and designated by the defendant in person; that the defendant then informed the plaintiff that he was thinking of forming a company to take charge of his lands and sell the same, and to establish a town site thereon; that if defendant did so he would expect the plaintiff to move to such place to be selected by said company, and build the hotel at that place; that at his own cost and expense plaintiff proceeded towards the erection of such hotel at the place pointed out by the defendant, and erected the same, except putting the roof on it; that defendant did form a partnership to take charge of and sell his lands and to establish such town site, known as the "Las Palmas Mexico Land Company," which consisted of defendant, J. N. Grisham, C. O. Allen, L. C. Warner, Abner Davis, and Milton Bryan; that when plaintiff had proceeded in the erection of said hotel, as above stated, he was required by the defendant to move to a place about 8 miles distant from such place, at which place last mentioned the said company finally determined upon establishing said town site; that plaintiff, at the last place so determined upon by defendant and his said company, and at plaintiff's own cost and expense, erected and constructed another hotel building, which was 116 feet long and 46 feet wide, in strict compliance with said contract; that plaintiff with his family moved into said hotel, and ran the same under said contract for about

20 months, during which time he received and cared for every person coming to such place for the purpose of seeing defendant's land, or who desired to buy any of it, and he boarded and lodged all of defendant's hands and employés, who were there engaged in establishing said town site.

Plaintiff shows that he left said hotel and returned to Texas on, to wit, the 22d day of January, 1908, at which time said town had been built up and consisted of some 10 or 12 houses; that at said last-named date there was ample room for the accommodation of every person who desired to come to said town with a view of buying any of said land, and for the accommodation of all of defendant's employés at that place; that he, having the right to select his said 100 acres of land, as stated, and relying upon said contract, cleared up 2 acres of same, and planted 2,000 orange trees thereon; that said trees were reasonably worth 50 cents each, and the clearing $200 in currency of the United States of America. He further alleges that the work and labor done by him towards constructing the frame of the hotel at the place first pointed out by defendant was reasonably worth $250 in currency of the United States of America; that defendant agreed to pay plaintiff $5 per acre for each acre he (plaintiff) would clear upon said town site when it was located; and that plaintiff cleared off 20 acres of same in pursuance of said contract, and that such work was reasonably worth $100, United States currency; that, at the instance and request of defendant, the plaintiff cleared out and cut a road from Taninual, on defendant's land, down to Las Palmas, a distance of about 8 miles, which was reasonably worth the sum of $50, currency of the United States of America, and defendant agreed to pay him said sum therefor.

Plaintiff further avers that, at the instance and request of the defendant, the plaintiff hauled logs and other articles, set out in Exhibit A, attached to his petition, and that such services were reasonably worth the sum of $72.50 in currency of Mexico; that he advanced defendant's agent and general manager, J. N. Grisham, $15 in Mexican money for the purpose of, and which was used in, buying lumber for door shutters for defendant's office, and that the same was worth $7.50 in United States currency; that he boarded and lodged the defendant and his wife and defendant's partner and general manager, J. N. Grisham, at the several times and days set out in Exhibit B, attached to his petition; and that the same was reasonably worth the sums charged therein in Mexican money, to wit, $124.50; and that defendant agreed to pay plaintiff said sum therefor; and that the same is reasonably worth $62.25 in the currency of the United States of America. Plaintiff charges that, at the special instance and request of defendant and of his partner and general manager, J.

N. Grisham, the plaintiff boarded and lodged certain of defendant's employés for the times and days set out in Exhibit C, attached to his petition, amounting to $212.50 in Mexican money; and that defendant agreed to pay plaintiff therefor the prices charged therein in Mexican money, which is worth $106.25 in the currency of the United States of America.

Plaintiff further alleges that the defendant, in making the contract sued on and in contracting with plaintiff to do the various things herein sued for, acted for and on behalf of the Las Palmas Mexico Land Company, a partnership composed as above set out, but that if mistaken in this that defendant contracted for and on behalf of himself; that the improvements made by plaintiff on the defendant's land are permanent, lasting, and valuable; that defendant has wholly repudiated his said contract, and has hitherto failed and refused to deed and convey to plaintiff said tract of 100 acres and 2-acre town lot, and has failed and refused to pay plaintiff for his work and labor, for the money advanced, and for said board and lodging, etc., to his damage, $750. Plaintiff prayed that he have specific performance, that defendant be required to convey to him said 100 acres of land and said 2-acre town lot, on which said hotel is now built, in the manner and form required by the law of Mexico to convey a title in fee simple; that if it should be held that specific performance of said contract could not be decreed that plaintiff have judgment against defendant for his damages for the breach of said contract, and for his said damages of $750, and for general and special relief.

The defendant answered by general and special exceptions to plaintiff's petition, by a general denial and plea, under oath, that the consideration for the matters and things set out in plaintiff's petition had wholly failed. He also pleaded, under oath, that there was no such partnership existing between him and the parties named in plaintiff's petition as rendered him liable for the several sums sued for. Defendant further pleaded a counterclaim for various sums of money advanced and paid to plaintiff, for which he asked judgment. The case was tried before a jury upon the issues of damages made by the pleadings and evidence, no issue of plaintiff's right to a specific performance of the contract alleged being submitted, and resulted in a general verdict and judgment in favor of the plaintiff for the sum of $1,140. From this judgment, defendant perfected an appeal to this court.

[1] The first assignment of error, "that the verdict of the jury is contrary to the law and the evidence, and is not supported by the evidence, and is against the great preponderance of the evidence to such an extent as to show the verdict is manifestly wrong," etc., is not entitled to be considered by this court. This is for the reason that defendant's mo-

tion for a new trial in the district court, while it complained that the evidence was insufficient to support the verdict of the jury, did not point out wherein the evidence was insufficient to do so. This was entirely too general to call the court's attention to any particular reason why the evidence did not support the verdict. It is well settled by the decisions of this state that, "before it can be claimed that there is error in the ruling of the court upon the sufficiency of the evidence to support the finding of the jury, the action of the court upon the matter should be invoked by a motion for a new trial, which states specifically the grounds for which the verdict is sought to be annulled." Clark & Loftus v. Pearce, 80 Tex. 146, 15 S. W. 787; White v. Wadlington, 78 Tex. 159, 14 S. W. 296; Suggs v. Terry (Civ. App.) 34 S. W. 354.

The second assignment of error complains that the court's charge, wherein it submitted as an element of plaintiff's damages the reasonable value of the material and labor expended by him upon the unfinished hotel at the place where he first commenced to erect a hotel, is erroneous, because not authorized by the pleadings or the evidence. In the absence of a special exception, the allegations of plaintiff's petition were probably sufficient to warrant the charge; but, as the case will be reversed and cause remanded, we suggest that the question be eliminated by an amendment of the petition. The proposition that the charge was not authorized by the evidence is not, in our opinion, supported by the record.

[2] The seventh assignment of error is, in substance, that the trial court erred in permitting the plaintiff to testify that he loaned J. N. Grisham $15 in Mexican money, and that he had never received it back. This assignment is sustained. We have discovered no testimony in the record which shows any liability on the part of the defendant for this loan. The bare fact that the money loaned was used to obtain door shutters for the commissary on defendant's land would not render him liable to plaintiff therefor.

[3, 4] The eleventh assignment of error is as follows: "According to the testimony of plaintiff, the contract between plaintiff and defendant was fully executed, except the refusal of the defendant to make a deed to the land in question; and according to the testimony of plaintiff he took possession of said 100 acres of land and 2-acre town lot, which the defendant was to deed him, and made permanent and valuable improvements upon the same; and if such was the case, and plaintiff had complied with his part of the contract with reference to building and running the hotel in question, then said contract was such an executed one that the plaintiff would not have the right to abandon the premises without cause, and thereby claim damages and recover the value of his improvements placed upon the land." We

think this assignment is well taken. The practically undisputed evidence shows that the plaintiff selected and went into the possession of the 100 acres of land and the 2-acre town lot, which he claims the defendant agreed to convey to him, and made permanent and valuable improvements thereon upon the faith of such agreement, and there is no evidence showing that he has been evicted or threatened with eviction from any source; nor does the evidence authorize a finding that the defendant has placed it beyond his power to comply with the alleged contract to convey said lands to the plaintiff. The plaintiff testified: "When I left, I left my hotel there on my lot; I did not bring it with me when I come here. I also left my things in it, and left my orange trees there on my land. Those permanent and valuable improvements that I made on that 100 acres of land would enhance the value about $1,200; that is my judgment. * * * My hotel is a permanent and valuable improvement on that two acres, and enhances the value of that two acres about $1,250. I have not rented my hotel out for anything since I left. My family left Mexico on the 22d day of August; they left about a week after I got the hotel finished, and then I left in January following."

There is evidence to the effect that the defendant, J. W. Combest, L. C. Warner, C. O. Allen, Milton Bryan, and Abner Davis, on the 31st day of July, 1906, entered into a copartnership, under the firm name of Las Palmas Mexico Land Company, for the purpose of advertising, developing, selling, and colonizing the said lands owned by the defendant in the republic of Mexico, and that on the same day the defendant and the members of said copartnership signed an instrument in writing, whereby the defendant, for a recited consideration of $106,425, apparently, sells to said Las Palmas Mexico Land Company, upon certain terms and conditions mentioned in said instrument, said lands; but it further appears, without dispute, that by the very terms of the instrument creating said partnership firm of Las Palmas Mexico Land Company it was expressly agreed that nothing therein contained should be so construed as to prevent the defendant, J. W. Combest, from complying with any proposition looking to the sale of said land, or any part thereof, made by him before the creation of said partnership. It also appears, without dispute, that at the time the said copartnership was formed, and at the time said instrument, whereby defendant apparently sells to said copartnership firm said lands, was signed the plaintiff was in possession of the 100 acres and the town lot claimed by him under and by virtue of his alleged contract with defendant, and it is a fair and legitimate inference from the circumstances of the case that the members of said copartnership knew of said contract between the plaintiff and defendant at the time

said instrument was signed. In this state of the evidence, the plaintiff, notwithstanding the defendant may have refused to execute the conveyance contemplated by his contract, did not have the right to voluntarily abandon the lands and premises, and sue for a recovery of damages for a breach of said contract. Under the circumstances shown, his remedy was by suit for specific performance of the contract. The rule in this state is that, where the vendee in a parol contract for the sale of land goes into possession and makes valuable improvements on the land, he is entitled in equity to a decree of specific performance, and not for the value of his improvements, unless the vendor is unable to make title. Should the vendor be unable to make title, then the vendee would be entitled to compensation in damages for the injury occasioned him by the failure of the vendor to fulfill his undertaking. Reynolds v. Johnston, 13 Tex. 214; Taylor v. Rowland, 26 Tex. 293; Nevins v. Thomas, 80 Tex. 596, 16 S. W. 332.

[5-7] It is true, we think, that, inasmuch as the land, the subject of the contract sought to be enforced, was situated in the republic of Mexico, the plaintiff could not maintain a suit for specific performance in this state; but that does not prevent the application of the rule above stated. The law of Mexico upon the subject is neither alleged nor proved; and it is well settled that, in the absence of such allegation and proof, the rights of the parties arising out of the facts alleged, or alleged and proved, must be determined by the laws of this state. Bufford v. Holliman, 10 Tex. 560, 60 Am. Dec. 223; Bradshaw v. Mayfield, 18 Tex. 21; Porcheler v. Bronson, 50 Tex. 555; Blethen v. Bonner, 93 Tex. 141, 53 S. W. 1016. Again, where there is no allegation and proof to the contrary, it will be presumed that the laws of Mexico are the same as the laws of the state of Texas. Armendiaz v. Serna, 40 Tex. 291; James v. James, 81 Tex. 373, 16 S. W. 1087; Tempel v. Dodge, 89 Tex. 69, 32 S. W. 514, 33 S. W. 222. Were the lands in controversy situated in Texas, plaintiff's remedy by suit for specific performance under the facts shown would be clear.

[8] The plaintiff, we think, may maintain this suit for such damages as he has sustained growing out of his contract with the defendant, which do not arise out of and by reason of improvements, etc., made by him on the lands which he claims the defendant agreed to convey him, upon the faith of such agreement; but the case will have to be reversed and the cause remanded for a trial of the issues on that branch of it, because the record before us shows a general verdict rendered in favor of the plaintiff for a lump sum. This being true, we are unable to determine how much of that sum was awarded as damages sustained by plaintiff on account of those things alleged for which he was entitled to recover.

There are several assignments of error that have not been discussed. Some of them present questions which, in the view we have taken of the case, become immaterial and need not be decided. The others have been carefully considered, with the conclusion reached that they point out no reversible error.

The judgment of the lower court will therefore be reversed, and the cause remanded, to be tried in accordance with the views expressed in this opinion.

Reversed and remanded.