**Loyd Randall FOUST, Appellant,**

v.

**William J. HANSON et ux, Appellees.**

**No. 8530.**

Court of Civil Appeals of Texas, Beaumont.

Feb. 5, 1981.

Lawrence E. Thorne, III, Beaumont, for appellant.

Jon Burmeister, Port Arthur, for appellees.

KEITH, Justice.

This is an appeal by defendant Foust from the trial court's judgment awarding plaintiffs specific performance of a contract to convey real property, and damages in the amount of $16,376.55.

Under the contract in controversy, defendant agreed to construct and plaintiffs agreed to purchase a house to be completed on or before October 1, 1979. The contract price of $99,975.00 was subject to variance depending upon the cost of light, plumbing fixtures, flooring, appliances and wallpaper.

The house was not completed for closing of the sale until early December, 1979. When plaintiffs went to the title company to close the transaction, they were advised

of defendant's claim for additional payment of $5,623.07 for "extras". When plaintiffs refused to pay this amount, the closing fell through. Plaintiffs then brought suit seeking specific performance and money damages, and defendant filed a counterclaim for $5,576.00.

The points upon which defendant's appeal is grounded may be summarized as follows: (1) the equitable remedy of specific performance is inappropriate under the facts of the case, and (2) in any event, award of both specific performance and damages is impermissible.

■ Defendant relies upon two factors in avoidance of specific performance: first, that the *jury* found that the contract is ambiguous and therefore specific performance is not available; and second, that plaintiffs came into court with unclean hands. Nothing in the facts cited in defendant's brief convinces us that any fraud, duress, or breach of duty to plaintiffs occurred which would bring the case within the unclean hands doctrine as stated and applied in *Inman v. Parr*, 311 S.W.2d 658, 709 (Tex.Civ.App.—Beaumont 1958, writ ref'd n. r. e.), on which defendant relies. Defendant's objection to specific performance on this ground is overruled.

Defendant relies upon the following language in the contract to show that it is ambiguous:

"As is true with all specifications, these can not begin to cover all circumstances with respect to labor and material details. With this in mind, we enter into this agreement believing that if any detail is not specifically stated or implied, then general custom and practice associated with $100,000 type homes shall apply. That is to say that the builder has provided for these details in his original price."

Whether a contract is ambiguous is a matter of law to be determined by the court rather than by the jury. *R & P Enterprises v. LaGuarta, Gavrel & Kirk, Inc.*, 596 S.W.2d 517, 518 (Tex.1980); *Anderson & Kerr Drilling Co. v. Bruhlmeyer*, 134 Tex. 574, 136 S.W.2d 800, 805 (1940). Since Special Issues Nos. 8 and 9 inquiring whether the contract is ambiguous should not have been submitted to the jury, neither the trial court nor this court is bound by the answers given. *Tex.R.Civ.P. 301.* See *C. & R. Transport, Inc. v. Campbell*, 406 S.W.2d 191, 194 (Tex.1966).

■ By granting specific performance, the trial court impliedly found that the contract was sufficiently definite to form a basis for such remedy. *Tex.R.Civ.P. 296; Bishop v. Bishop*, 359 S.W.2d 869, 871 (Tex. 1962); *Sentry Development Corp. v. Norman*, 553 S.W.2d 664, 665 (Tex.Civ.App.—Tyler 1977, writ ref'd n. r. e.). Further, the judgment of a trial court granting an equitable remedy should not be disturbed in absence of a showing that an inequity resulted. *Nilsen v. Bonugli*, 220 S.W.2d 178, 180 (Tex.Civ.App.—San Antonio 1949, no writ).

The contract and the surrounding circumstances met the requirements set forth in *Paxton v. Spencer*, 503 S.W.2d 637, 642 (Tex.Civ.App.—Corpus Christi 1973, no writ), and authorities cited therein; and the trial court acted within its discretion in awarding specific performance.

■ In his second point defendant contends that the court erred in awarding damages in addition to specific performance. The general rule, of course, is that damages constitute an alternative remedy available only where specific performance either is not sought or is not available. *Seegers v. Spradley*, 522 S.W.2d 951, 957 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); see also *Nevins v. Thomas*, 80 Tex. 596, 16 S.W. 332, 333 (1891); *Mitchell v. Sheppard*, 13 Tex. 484, 488–490 (1855); *Manley v. Holt*, 161 S.W.2d 857, 859 (Tex.Civ.App.—Amarillo 1942, writ ref'd w. o. m.).

■ In appropriate circumstances, however, the court may order, in addition to specific performance, payment of expenses incurred by plaintiffs as a result of defendant's late performance. *Johnson v. Downing & Wooten Construction Co.*, 480 S.W.2d 254, 258 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ); *Slaughter v. Roark*,

244 S.W.2d 698 (Tex.Civ.App.—El Paso 1951, writ ref'd n. r. e.).

The contract entered into by the parties specified that closing would be on or before October 1, 1979, and was contingent upon buyers obtaining a mortgage loan for $75,000 "for thirty years at the prevailing interest rate." Plaintiffs obtained a commitment for an $80,000 loan at 9¾% interest. That commitment expired on October 4, 1979, and on October 5, 1979, plaintiffs obtained a new commitment, but at an interest rate of 10⅞%, from the same lending institution, to expire April 4, 1980. Suit was brought in January 1980. The current rate at the time of the trial was 14⅛%.

■ Plaintiffs' witness Hebert, a representative of the lending institution, testified that the difference in monthly payments on the mortgage loan created by the increased rate of interest would be $68.00. Plaintiffs' attorney then calculated, without objection by defendant, the amount lost over the life of the loan by multiplying $68 by 12 months per year and then multiplying the product by 30 years. Although the final product is not shown in the statement of facts, our calculation leads to a total increased (but undiscounted) cost of $24,480. Thus, there was some evidence supporting the jury's answer that the cost to plaintiffs of defendant's failure to timely perform was at least $19,700.75, and we are *not entitled to disregard the answer. C. & R. Transport, Inc. v. Campbell,* supra (406 S.W.2d at 194).

The amount of $19,700.75 due the plaintiffs was offset by the amounts of $1,661.50 and $1,663.20 *for a total money judgment of $16,376.55.\** These amounts were found by the jury to be due the defendant as follows: (1) $1,661.50 as the reasonable value of items furnished by the defendant at plaintiff's request beyond the specifications of the contract; and (2) $1,663.20 to "fairly and reasonably compensate the Defendant" for items not included in the first answer. Plaintiff by proper crosspoint brings error in the trial court's allowance of these offsets.

In its answers to Special Issues Nos. 5, 6 and 7, the jury found that defendant had performed work beyond the specifications of the contract, determined which of a list of items furnished by defendant in fact went beyond the requirements of the contract, and assigned a value to each such item. The jury found as fact that items were requested by plaintiffs which went beyond the requirements "associated with $100,000 type homes" and for which defendant was therefore entitled to compensation in addition to the contract price. This the jury was entitled to do. Plaintiffs brought forward no point of error challenging the sufficiency of the evidence to support the findings in this regard.

■ However, plaintiff notes that there is no evidence that the amounts billed by defendant for these "extras" were reasonable. In absence of such proof, recovery for these expenses must be denied. *Dallas Ry. & Terminal Co. v. Gossett,* 156 Tex. 252, 294 S.W.2d 377, 383 (1956).

■ Further, the only evidence of damages, other than the "extras", supporting the jury's answer to Issue No. 10, related to interim interest incurred by defendant due to his late repayment of his construction loan. Under the contract, plaintiffs agreed to pay the costs of extending defendant's loan "[s]hould closing not occur by October 1, 1979, through no fault of the [defendant]." Since the jury found by its answer to Special Issue No. 1–A that the failure to close by October 1 was due to the fault of defendant, there is no basis as a matter of law for recovery by the defendant of this amount against plaintiffs.

For all of the foregoing reasons, the judgment of the trial court insofar as it grants $19,700.75 damages to plaintiffs is affirmed. The grant of specific performance to plaintiffs is reformed to make it conditional upon delivery by plaintiffs to defendant of the unpaid balance of the $99,-

* We believe the $.50 error in this computation is explained by the poor legibility of the jury's

answers to Special Issue No. 7 discussed below.

975.00 contract price, less offset for the recovery awarded against defendant. See *Hickman v. Withers*, 83 Tex. 575, 19 S.W. 138, 140 (1892). To the extent that it grants offsets in the amounts of $1,661.50 and $1,663.20 to defendant against plaintiffs' claims, it is reversed and judgment is hereby rendered that defendant take nothing. Costs are taxed against defendant.

The judgment is in part affirmed, in part reformed and affirmed, and in part reversed and rendered.