Henry F. PINCHIN, Appellant,

v.

Henriette J. KINNEY By and Through Wally KINNEY, Independent Executor of Her Estate, Appellee.

No. 13333.

Court of Appeals of Texas, Austin.

Oct. 28, 1981.

Terral R. Smith, Schaubhut, Smith & O'Meara, Austin, for appellant.

Mary Joe Carroll, Clark, Thomas, Winters & Shapiro, Austin, for appellee.

POWERS, Justice.

Appellant Henry Pinchin appeals a summary judgment which granted appellee, the Estate of Henriette J. Kinney, specific performance of an option right to purchase a parcel of real property, allegedly exercised by Mrs. Kinney during her lifetime. Wally Kinney maintains the action as independent executor of Mrs. Kinney's estate.

The option right was granted Mrs. Kinney in connection with her lease of a house from appellant. The lease instrument, signed by the parties on October 6, 1977, contains the following provisions pertinent to the appeal:

\* \* \* \* \* \*

"2. Such lease is for a term of thirty days, beginning on the 1st day of October, 1977.

"3. Lessee agrees to pay Lessor the sum of $225.00 at the signing of this contract,

plus utilities, as consideration for such thirty (30) day tenancy.

"4. At the expiration of such thirty (30) day tenancy, Lessee's monthly rent payment may be increased at any time thereafter; provided, that Lessor give Lessee thirty (30) days notice of such increase, and provided further that the total monthly rental payments of Lessee shall never exceed the total monthly payment on such property of the following: principal, interest, taxes, insurance and utilities.

"5. Lessee shall have an option to purchase the above described premises prior to termination of her tenancy at the sales price determined as follows: total unpaid principal on the loan which is secured by such property as of the 1st day of the month following the date notice of exercise of this option to purchase is given

"*plus*—total paid principal on such note

"*less*—the sum of $5,000.00.

"6. Unless such option to purchase is exercised by Lessee prior to the termination of her tenancy of the above described property, HENRY F. PINCHIN promises to pay to HENRIETTE J. KINNEY the sum of $5,000.00 said sum to be automatically due at the expiration of such tenancy without demand for payment.

"7. HENRY F. PINCHIN represents to HENRIETTE J. KINNEY that there is no lien on such property other than a 1st lien in the approximate amount of $24,000.00 and that HENRY F. PINCHIN will not further encumber or transfer such property without HENRIETTE J. KINNEY's written consent.

"8. This contract shall be binding on the parties hereto, their assigns, successors and heirs, provided Henry F. Pinchin predeceases HENRIETTE J. KINNEY.

\*    \*    \*    \*    \*    \*

Mrs. Kinney died October 21, 1978, while in possession of the property. Her executor, Wally Kinney, was appointed December 5, 1978. Thereafter, on June 27, 1979, he filed the present suit against appellant, alleging that before her death Mrs. Kinney "gave (appellant) written notice of (her) election to purchase the property in accordance with the provisions of the option agreement." He alleged further that approximately a year later, on May 8, 1979, Mrs. Kinney's estate tendered the purchase price of the property. He prayed for judgment compelling appellant to execute and deliver a "warranty deed" to the property.[1]

■ Appellee moved for summary judgment on the ground that he had established as a matter of law the estate's entitlement to judgment ordering specific performance of the option contract. Appellant opposed the motion by filing an affidavit, the first paragraph of which reads as follows:

"I have been shown a copy of what purports to be an exercise of (the) option by Mrs. Kinney, dated May 13, 1978. I cannot state, however, if that is an exercise of the option by Mrs. Kinney ... because it is unsigned and I am unfamiliar with her handwriting."

The second paragraph of the affidavit raises a defense founded upon an alleged agreement between appellant and Mrs. Kinney

---

1. Appellee's original petition avers that appellant "has repeatedly refused to accept" the purchase price; and, that appellee "is willing and able to pay defendant the agreed sum and (appellee) herein renews his offer to do so." The purchase price owing under the option contract is nowhere stated in the petition, though the petition alleges that it is an amount equal to "the total unpaid principal on the loan secured by such property as of the first day of the month following the date notice of exercise of the option to purchase is given plus the total paid principal on such note, less the sum of $5,000.00." One might reasonably conclude that the purchase price is therefore the original principal sum of the pertinent promissory note. The original principal sum of the note is not revealed in the appellate record. Insofar as the appellate record indicates, there is no method by which the purchase price may be determined as a matter of law, either by this court or the trial court. Therefore, no tender of the purchase price, in the correct specified amount, is shown in the record so as to justify summary judgment. We are concerned here, however, only with the indefiniteness of the purchase price as it bears on the finality of the judgment, as discussed infra.

that she would not exercise her option, following whatever notice she had given to the contrary. The second paragraph of the affidavit reads as follows:

"On or about May 13, 1978, Mrs. Kinney did indicate to me that she was planning to exercise her option to purchase, after an argument between us, but subsequent to her expression of those (sic) intentions she reconsidered exercising her option and it was agreed that the option would not be exercised and she would continue to lease the home for approximately $225.00 a month plus utilities as per the original agreement. In accordance with that agreement rental payments were made each month until her death and no legal documents were prepared to carry out the exercise of any option to purchase."

Appellee moved to strike the entirety of appellant's affidavit on two separate grounds, one directed at each of the two paragraphs of the affidavit. Appellee requested that the first paragraph be struck on the ground that appellant had, in response to appellee's request, admitted the following:

"On May 13, 1978, Plaintiff (appellee) gave Defendant (appellant) written notice of Plaintiff's election to purchase the property."

Because appellant had never moved to withdraw or amend this admission, as permitted by Tex.R.Civ.P. 169,[2] appellee contended that appellant was bound to the truth of the matter stated and it was therefore "conclusively established" that he had received such notice from Mrs. Kinney; and furthermore, appellant could not change his position by stating in his affidavit that he could not say whether a letter dated May 13, 1978, a copy of which had been shown to

him, was "an exercise of the option agreement by Mrs. Kinney." No copy of the purported notice is contained in the record on appeal. The contents of the notice are not otherwise established in the record. We must say, however, that we see no patent inconsistency between this part of appellant's affidavit and the requested admission. Receipt of a written notice from Mrs. Kinney that she elected to purchase the property may, or may not, have been an "exercise" of the option agreement by her. Whether it was depends upon the content of the notice and the terms of the option right granted in the lease contract. Although the contract terms were rather simple, as set out above, a *legally-sufficient acceptance* of the standing offer to sell represented by the option provision of the lease, was nevertheless required.[3]

The second ground of appellee's motion to strike was directed at the second paragraph of appellant's affidavit, which described a purported agreement between appellant and Mrs. Kinney wherein they agreed that the notice given by Mrs. Kinney should be ineffective and that the sale should not be consummated. The ground relied upon by appellee was the testimonial disqualification set out in Tex.Rev.Civ.Stat.Ann. art. 3716 (Vernon 1926), the "Dead Man's Statute."

The trial court sustained appellee's motion to strike, on both grounds averred, and ordered that both paragraphs of appellant's affidavit be stricken. Appellant contends this was error. On the same day, the court sustained appellee's motion for summary judgment. Thereafter, the court signed what purports to be a final judgment in the cause, which was duly entered. In pertinent part, the judgment reads as follows:

"Defendant is hereby compelled to perform his agreement to convey the proper-

**2.** Rule 169 provides in part: "Any matter admitted under this Rule is conclusively established as to the party making the admission unless the court on motion permits withdrawal or amendment of the admission."

**3.** To constitute a legally-sufficient acceptance of appellant's offer to *sell, the* notice would have to be in terms that were definite, positive, unconditional, unequivocal and consistent with

the terms of the offer. *Michael v. Busby*, 139 Tex. 278, 162 S.W.2d 662 (1942); *Hutcherson v. Cronin*, 426 S.W.2d 638 (Tex.Civ.App.—Tyler 1968, no writ); *City of El Paso v. Long*, 209 S.W.2d 950 (Tex.Civ.App.—El Paso 1947, writ ref'd n. r. e.); James, On Option Contracts, § 821 (1916); 17 Am.Jur. Contracts §§ 40, 41 (1964).

ty described herein to Plaintiff within twenty (20) days from the date of this judgment and to execute and deliver to Plaintiff without delay a warranty deed vesting title to the premises to (sic) Plaintiff in fee simple, to-wit: Lot 38, Block 1, Peppertree Park, Section 2, Austin, Travis County, Texas."

■ This judgment is not a final judgment which this Court has jurisdiction to review. It is apparent from the pleadings and other matters of record that the parties' respective obligations under their contract were executory, assuming a bilateral contract to sell and purchase the property did indeed arise from the option right granted in the lease contract.[4] These reciprocal, executory obligations were (1) appellant's obligation to convey the property and (2) appellee's obligation to pay the correct purchase price, determinable from the formula provided in the option provision of the lease contract. Nevertheless, the judgment entered in the present cause requires only that *appellant* perform his contractual obligation. The judgment is silent with respect to appellee's obligation to pay the correct purchase price.

■ To constitute a final judgment, from which an appeal will lie in the ordinary case, the judgment, though presumed to be final, must terminate the action and completely dispose of the case so far as the court has power to do so. *Northeast Independent School District v. Aldridge*, 400 S.W.2d 893 (Tex.1966), *on remand*, 404 S.W.2d 655 (Tex.Civ.App.—San Antonio 1966, writ ref'd n. r. e.). The judgment must particularly determine all the rights and liabilities of all the parties with reference to the matter in controversy. *Tram-*

*mell v. Rosen*, 106 Tex. 132, 157 S.W. 1161 (1913). The sole relief sought in the present case was specific performance of an alleged bilateral contract admitted by appellee to be executory with respect to the obligations of both parties. When a district court exercises its equity powers in such a cause of action, its judgment must require *both* parties to perform their reciprocal obligations insofar as they remain executory, including an order awarding judgment to the seller in the amount of the purchase price. *Hickman v. Withers*, 83 Tex. 575, 19 S.W. 138 (1892); *Herman v. Gieseke*, 33 S.W. 1006 (Tex.Civ.App.1895, no writ). (We point out again, however, that the specific and correct amount of the purchase price was never established in the case as a matter of law.[5])

We hold that the judgment entered in the trial court is not, for the foregoing reasons, a final judgment; moreover, in our view the trial court could not correct the judgment as provided in Tex.R.Civ.P. 434, there being nothing in the record from which the amount of the purchase price could be ascertained and established as a matter of law. *Steed v. State*, 143 Tex. 82, 183 S.W.2d 458 (1944). In sum, the judgment could not be enforced without further adjudication and is not, therefore, a final judgment because of its incompleteness, indefiniteness and uncertainty. *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956).

■ Appellant has not assigned as error in this Court the lack of completeness, definiteness and certainty referred to above, though they are apparent on the face of the record. Nevertheless, we have considered these errors under the doctrine of fundamental error. To be truly "funda-

---

4. See footnote 3, *supra.*

5. See footnote 3, *supra.* Moreover, we may not assume in the absence of any support in the summary judgment "evidence," that the correct purchase price, whatever it was, was tendered within a reasonable time after the notice of acceptance was given to appellant. *Box v. Bates*, 162 Tex. 184, 346 S.W.2d 317 (1961). *See San Antonio Joint Stock Land Bank v. Malcher*, 164 S.W.2d 197 (Tex.Civ.App.—San Antonio 1942, writ ref'd w. o. m.); *City of El*

*Paso v. Long, supra; Farrell v. Evans*, 517 S.W.2d 585 (Tex.Civ.App.—Houston [1st Dist.] 1974, no writ); James, *supra*, § 914 et seq. While there may be a question of the sufficiency of appellant's points of error to preserve the issue of whether an option contract was ever made, arguable within the context of his admission that some character of notice of election to purchase was received from Mrs. Kinney, we need not consider the point in light of our dismissal of the appeal for want of jurisdiction.

mental," such errors must be of a nature that they adversely affect the public interest as that interest is declared in the statutes or constitution of the State or it must appear from the record that the appellate court lacks jurisdiction. *Ramsey v. Dunlop*, 146 Tex. 196, 205 S.W.2d 979 (1947); *McCauley v. Consolidated Underwriters*, 157 Tex. 475, 304 S.W.2d 265 (1957). Our jurisdiction extends to appeals from final judgments only, except in certain instances not material here. Tex.Const. art. V, § 6; Tex.Rev.Civ.Stat.Ann. arts. 1819, 2249. Though the outer limits of the doctrine of fundamental error may be uncertain, the entry of a judgment that is not final is undoubtedly within the doctrine. *Wagner v. Warnasch, supra.* Accordingly, since no final judgment is before us and no assignment of error is necessary to present that fundamental error for appellate review, we dismiss the appeal for want of jurisdiction and remand the case to the district court for further proceedings.

