## Asa Mitchell v. Mary Sheppard and others.

The general rule, where law and equity are administered in separate forums, is that damages must be sought at law, and specific performance in equity. But this has no proper application, where the jurisdictions are blended, and where, therefore, both objects may be embraced in the same suit, and where, consequently; the prayer may be in the alternative, and where, if one relief fails, the other may be awarded, if, on the principles of law or equity, either the one or the other can be granted.

But whether there be two actions or but one, and whether they be brought in the same or in different Courts, the principles by which they are to be governed, and the rights of the parties determined, are fixed in law, and are to be applied according to the nature of the relief, whether legal or equitable, which is demanded.

A bond to convey land within a year is broken by a failure to make the conveyance within the year, and an action for the penalty, or for damages on the penal clause, is barred in four years.

As we can only consider, on demurrer, the petition as it remained after amendment, we cannot now determine on the effect of the averments which have been abandoned (by the amendment.) Whether they can be used in a trial on the facts, as admissions of the plaintiff, is another matter, which need not be considered.

It seems that in an *ex parte* proceeding, or in an action against unknown heirs to enforce a specific performance, the petition of the plaintiff will be treated as if specially demurred to for all causes assignable on special demurrer.

Where the purchase money is paid and a bond taken for title, ten years, or more under some circumstances which may be imagined, as, for instance, where the vendee goes into possession under the contract, must elapse before specific relief would be denied. (But *quere*, whether, where the vendee takes and holds continuous possession for ten years, the presumption is not that the purchase money has been paid and the land conveyed ?—Reps.)

In an action, on an executory contract, for specific performance, the plaintiff is not entitled to recover unless he has performed his part within the time agreed on, except where the other party has waived the time by accepting of a subsequent performance, or where such other party has not been damaged by the delay, and the delay is satisfactorily accounted for. And the facts should be specifically alleged.

An action for damages on the penal clause of a title bond is barred in a certain, fixed period. An action for a specific performance is not barred in any certain fixed period. Courts of equity in certain cases, where specific performance cannot be decreed, award damages in lieu thereof. In such cases, the recovery of the damages is not barred unless the specifiic performance would have been barred.

**Error from Montgomery.** The plaintiff in error, on the 8th Jan., 1852, instituted suit against Mary Sheppard, the widow

and others, the heirs of W. W. Sheppard, deceased, on an agreement of the deceased, by which he bound himself under a penalty of four thousand dollars, within twelve months from the date, which was the 21st Nov., 1844, to convey to the plaintiff in error, by good and sufficient deed, with warranty, two tracts of land, one in the name of Smith and another in the name of House, original grantees, amounting altogether to 2019 acres, the consideration of said agreement being $800, which the plaintiff promised to credit on a judgment held by him against the deceased.

Among other matters, it is averred that no good and sufficient deed of said tracts of land was ever made to the plaintiff, neither by Sheppard in his lifetime, nor by any one since his death; nor has the said sum of four thousand dollars been paid; and it was further averred that the said Sheppard died without obtaining title to the eleven hundred and seven acre tract "save mediately under his own sale, as administrator of Martin P. Clark, deceased." And some averments were then made, which, by subsequent amendment, were stricken out. These were to the effect that Clark's title was not perfect; that subsequent to the agreement, Sheppard had sold such portions of the other or Lemuel Smith as would prevent the plaintiff from getting the front and quality of lands agreed upon, without the hazard of a lawsuit with these subsequent purchasers, or those claiming under them; and it was further charged that the title of both tracts was doubtful, in consequence of the uncertain locality of the boundary line between Montgomery and Harris counties, and that this was well known to Sheppard at the time of the agreement.

These averments, as before said, were abandoned and stricken out by amendment. After some further allegations, the plaintiff prayed for specific performance provided the defendants could make a sufficient title to said tracts of land, and if so, that they be decreed to execute conveyances conforming to the letter and in every particular with the terms and specifications of the agreement. But in case the said deceased did

not have an indefeasible title to said lands, or in case the defendants be not able to make good and sufficient title, then that he may recover judgment for the said sum of four thousand dollars; and after praying for such other relief as he might be entitled to, from the nature of his case, he introduces the allegation of a very important fact, viz: that he had given credit on the judgment for the amount of the said sum of eight hundred dollars.

The defendants demurred, and for special cause pleaded, among other matters, lapse of time and the statute of limitations.

The demurrer was sustained and the petition dismissed.

*H. N. & M. M. Potter*, for plaintiff in error. It would be singular for a Court of Equity to enforce the specific performance of a contract, not in writing, to convey land when but a part of the purchase money had been paid and the purchaser had taken possession, (Dugan v. Colville, 8 Tex. R. 126,) and yet refuse to require a party to convey, when he has bound himself to do so by a written contract under seal, and received the purchase money at the time of entering into the contract, or rather previous to the contract.

About six years elapsed between the time fixed by the contract for the conveyance of the land, and the commencement of this suit. In the case of Estes v. Browning, 11 Tex. R. 237, this Court decided that even after the lapse of fourteen years, Browning's heirs might pay the balance of the purchase money due on the contract of their ancestor, and enforce the specific performance of the contract.

*P. W. Gray*, for defendants in error. The amendment which struck out the allegations of the inability of the defendants to make title, it is believed, does not deprive the defendants of any benefit or advantage to be derived from their being on the record. (Coles v. Perry, 7 Tex. R. 141; Pridgin v. Strickland, 8 Tex. R. 427.)

Under the allegations of petition and prayer for perfect title to be decreed, it is plain that the defendants having no such title, could not comply with the prayer; and the plaintiff's claim as a money demand was clearly barred. (Swenson v. Walker, 3 Tex. R. 93; McClenny v. McClenny & Floyd, 3 Tex. R. 193.)

Supposing, however, that the plaintiff were entitled to have demanded such a title as the defendants could give, such a special performance should not be decreed. 1st. By lapse of time and laches, the plaintiff had lost his right to claim the aid of equity; and 2d, because of his laches and want of diligence, other equities had arisen, between the heirs and other parties, which equity will not disturb. (1 Madd. Ch. 415, 419, marg.; 2 Story Eq. Sec. 771, 774; Michaud v. Girod, 4 How. U. S. R., 503 and cases cited; Whiteman v. Castlebury, 8 Tex. R. 442; DeCordova v. Smith, 9 Id. 129; De Witt v. Miller, Id. 239.)

The principles clearly decided and the doctrines advanced in these cases seem to sustain the decision in the case at bar. Under all the circumstances shown by the plaintiff himself, there has been great laches in his action. More than six years had elapsed before he moved. Other rights among the heirs, and rights connected with other claimants, had accrued; family settlements made, and creditors' and purchasers' rights, will be disturbed by the enforcement of a stale claim, which is not even alleged to have been registered. It is also observable that, though after the prayer of the petition had been framed, and at the very end, it is alleged that the plaintiff had performed his agreement by crediting the judgment for $800. Yet the time of that entry of credit is not then stated. This is a suspicious circumstance, in regard to which the plaintiff should have been more definite. He cannot claim the aid of equity without first doing equity. His hands should be clean of all suspicion of unfairness. A credit given on the eve of suit, after he had speculated on the chances of the enhanced value of the land, was not in equitable compliance with his

contract. It does not appear that the plaintiff has been damaged by the failure of title, and he cannot justly complain if the Court refuses to aid him now.

The facts in the original petition show that the plaintiff below was aware, when he brought suit that the defendants, heirs of Sheppard, could not make title. In such case equity will not relieve him. (White & Tudor's leading cases in Equity, Vol. 2, pt. 2, Am. notes, SPECIFIC PERFORMANCE.)

HEMPHILL, CH. J. The plaintiff in error, in urging reasons for the reversal of the judgment, contends that all of the defendants were at least proper and some of them necessary parties, and that it would be clearly erroneous to dismiss on joint demurrer as to all of the defendants, because some of them might not be proper parties. That some of the defendants, as for instance the heirs of Joseph House, were not, to say the least, necessary parties, is quite manifest. But it will not be necessary to examine the point as to misjoinder of parties, as we apprehend the petition was dismissed, not on that ground, but for the want of sufficient matter in the allegations of the plaintiff. The judgment recites that the matters alleged by the plaintiff were not sufficient in law or equity to entitle him to the relief demanded, and it was therefore decreed that the demurrer be sustained. Our inquiry then, will be as to the legal sufficiency of the matter set forth in the petition.

This suit, at least the relief prayed for, is double, viz: for specific performance, and if that be impossible, then for damages on the covenant of defendant. Both objects could not be embraced in one suit where law and equity are administered in different jurisdictions. A suit for specific performance in equity could not be converted into an action for damages on breach of the contract; at least this could not be done, unless in some special cases; and on the later authorities it seems doubtful whether it can be done at all. Dart, in his treatise on vendors, p. 459, says that at one time there was a floating idea in the profession, that the Court might award compensa-

tion for nonperformance, in the event of the primary relief failing, but the contrary has been settled by modern decisions; citing Todd v. Gee, 17 Ves. 273; 5 Mylne & Craig, 1. This statement, as deduced from the authorities, is not altogether accurate. In the case of Todd v. Gee, Lord Elden says that, except in very special cases, it is not the course of proceeding in equity, to file a bill for specific performance, praying in the alternative, if it cannot be performed, an issue or inquiry before the Master, with a view to damages. The plaintiff must take that remedy at law; "generally, I do not say universally, he cannot have it in equity." In Denton v. Stewart which, according to the Lord Chancellor in this case, of Todd v. Gee, was against the whole course of previous authority, the inquiry for damages for non-performance was ordered because the defendant had it in his power to perform the agreement, and put it out of his power pending the suit. In Kempshall v. Stone, 5 Johns. Ch. 193, the defendant had disabled himself from performing specifically, by having conveyed the land without notice to another before suit, and Chancellor Kent considered that fact as materially distinguishing the case from Denton v. Stewart, in which, as Lord Elden said, the defendant had disabled himself, *pendente lite*, from performing the agreement; and the bill was dismissed, the Court holding that the remedy was clear and perfect at law by an action on the covenant.

Judge Story, in his Treatise on Equity, Sec. 798, is of opinion that a bill might be retained and an issue of *quantum damnificatus* or an inquiry before the Master awarded, in cases where no adequate remedy lies at law, for compensation or damages, as for instance, where there has been a part performance of a parol contract, and the vendor has sold to a *bona fide* purchaser without notice; in such case the decree for performance would be ineffectual, and the breach of the contract, being by parol, would give at law no compensation or damage, and where the only effectual remedy would be to allow damages to him in equity.

It seems, then, that if a bill would be sustained in any case, merely for the assessment of damages for the breach of an agreement, it would only be in some special cases where, without any fault of the plaintiff, he could not recover damages at law, or where the defendant has disabled himself, and especially if that be done *pendente lite*, from performing the agreement. (Hatch v. Cobb, 4 Johns Chan. 559 ; 1 Cowen, 711 ; Greenway v. Adams, 12 Ves. 395 ; 14 Ves. 128 ; 9 Cranch, 492, 494 ; 4 Ves. 497 ; 1 Hen. & Mumf. 110.)

The question of assessing damages in equity, where specific performance is impossible, is quite distinct from compensation in its usual meaning, which is often given where specific performance is awarded, on the account of delay or improvements, or where the quality and quantity of the land has been misdescribed, and where the defect or failure &c., has been such as to admit of complete compensation. The general rule is, that damages must be sought at law, and specific performance in equity. But this has no proper application, where the jurisdictions are blended, and where, therefore, both objects may be embraced in the same suit, and where consequently the prayer may be in the alternative, and where, if one relief fails, the other may be awarded, if on the principles of law or equity, either the one or the other can be granted. But whether there be two actions or but one, and whether they be brought in the same or in different Courts, the principles by which they are to be governed, and the rights of the parties determined, are fixed in law, and are to be applied according to the nature of the relief, whether legal or equitable, which is demanded.

We will consider in the first place, whether the plaintiff, under the facts, could sustain an action for the recovery of the penalty of four thousand dollars, or for the damages which might be assessed on a suit for such penalty. And most clearly, no such action could be maintained. Before a party brings a suit at either law or equity, for either specific performance or damages, he must have performed all the precedent or concur-

rent conditions incumbent on him, and this should be averred in his petition or declaration for relief. A condition, imposed in this agreement, upon the plaintiff, is, that he should credit the judgment with eight hundred dollars, the amount of the purchase money. He avers that he had given this credit, but he does not state when, whether immediately, within twelve months, or just before the commencement of suit. The fact, with the time, should have been averred with more precision. But whether this defect would be fatal on an action for damages need not considered or conclusively adjudged, for the reason that, upon another ground, most clearly no action for the penalty could be maintained. And this is, that such action had long before commencement of suit, been barred by the statute of limitations.

The deed by Sheppard was to have been made within twelve months from the agreement, and the right of action on the penalty accrued to the plaintiff on failure, at the expiration of that time—the lapse of four years completing the bar. More than six years had elapsed from the original breach, before the commencement of suit. The statute has been set up by the demurrer, and the judgment of dismissal as to the demand of the four thousand dollars is clearly sustained by the law.

The remaining question is, whether the suit for specific performance can be maintained. The plaintiff has made some effort to show that performance was impossible, and that consequently relief of that description could not be granted. This was done, perhaps, under a mistaken idea of his rights, and that he was still entitled to the penalty, or for damages to be assessed on that penalty. This we have shown to be a mistake, the cause of action accruing on the original breach. Whether, after the bar was complete at law as against a suit for damages on the original breach, the deceased or his representatives have done any act which would disable them from performing in equity, if at that time the plaintiff was otherwise entitled to such relief, does not appear from the allegations in the petition.

As we can only consider, on demurrer, the petition as it re-

mained after amendment, we cannot now determine on the effect of the averments which have been abandoned. Whether they can be used in a trial on the facts, as admissions of the plaintiff, is another matter, which need not be considered.

Regarding this suit as simply one for specific relief, there is the same objection to the petition which was previously noticed when viewing it as an action at law, viz: that the time of crediting the eight hundred dollars, or otherwise the time of paying the purchase money, is not specifically expressed.

The credit should have been given before the expiration of twelve months. It must have been entered before Sheppard could be required to execute the deed. If it were not in fact entered, but Sheppard had had the benefit of the agreement, the judgment not being enforced, and other circumstances which would be equivalent to an actual entry of credit, these circumstances should have been stated. By a very liberal construction of the terms of the averment, it might be held that the credit was given at the proper time; that such was the meaning of the allegation. This interpretation is perhaps admissible, and especially where the defendants are in Court, and would be prepared to show that the act had not been performed according to the contract, if such were really the fact. If this were a proceeding *ex parte*, or if against unknown heirs, the allegations of the plaintiff would be construed with more strictness than when against parties who are present and can defend themselves.

It is possible that the defects of this averment were not considered below, and that the judgment was based on the whole of the petition, as well the averments stricken out as those retained.

The great difficulty in the case is, that the plaintiff desired to recover damages and not the land, and he attempted by allegation to depreciate the title of Sheppard, and to show that a conveyance could not now be made according to the terms of the agreement. Most of these averments have been aban-

doned; but he does not pray for such title as can be given, with compensation if he be entitled to any. He requires, if he gets title at all, that it shall be perfect and indefeasible, and according to the exact terms of the contract, in shape, kind, quality, value and other circumstances. As the petition now stands, there is nothing in its allegations, to show that he may not get such title in the Smith tract, though in relation to the House tract, there is an allegation that Sheppard had no title, except that derived mediately, under his own sale as administrator. Whether this be a good title or not, and such as will satisfy the prayer of the plaintiff, can be determined when the cause is tried on the facts. Upon the whole, the plaintiff is most probably entitled to some relief. He cannot recover on the penalty, his suit being barred. Whether he can get an indefeasible title, which he seems determined to have or nothing, will appear when that matter becomes the subject of investigation. He may possibly, however, be entitled to some relief in equity, and the petition should be retained for that purpose.

Lapse of time has been pleaded against a specific performance in this case. The mere lapse of time has not been sufficient, of itself, to deny relief. The delay of the plaintiff may or may not, when the facts are ascertained, defeat his relief. If the credit was entered at the proper time, then ten years, or more under some circumstances which may be imagined, as, for instance, when the vendee goes into possession under the contract, must elapse before specific relief would be denied. If he has not performed the condition on his part, according to its time and terms, then he is not entitled to relief, unless he can show that the other party has not been damaged, and can satisfactorily account for the delay. If the plaintiff be not in default, the time that has expired will not defeat his claim to equitable relief. He may be defeated, if he has not registered his conveyance, and conveyances by deed have been made to innocent purchasers without notice. He may suffer from the effects of lapse of time; but this lapse will not of it-

self defeat his claims. In holding that the remedy for damages is barred on the penalty, I am not to be understood as saying that in all cases damages would be refused within a certain period from the maturity of the contract. For instance, the suit on the penalty in this case was barred on the first breach in four years, but not so perhaps the suit for relief in equity for specific performance. If, after the bar of the action on the covenant, the defendants had sold this land, so as to render performance impossible, the plaintiff would be entitled to damages, and as this could not be given at law, where there are separate Courts, the petition would doubtless be retained, and an issue of *quantum damnificatus*, or an inquiry before the Master, directed for that purpose. Here it would be assessed by a jury, by whom the facts are to be tried, as well in cases in equity as at law.

We are of opinion that the demurrer cannot be sustained as to the whole of the petition, or to all of the equitable relief therein demanded; and it is therefore ordered that the judgment be reversed and cause remanded.

Reversed and remanded.