Dorothy M. BURDETT, Plaintiff,

v.

METHODIST HOSPITAL, Defendant.

Civ. A. No. 5–79–023–H.

United States District Court,
N. D. Texas,
Lubbock Division.

March 4, 1980.

Robert D. Kizer, Lubbock, Tex., C. Barry Crutchfield, Templeman & Crutchfield, Lovington, N. M., for plaintiff.

William R. Moss, Crenshaw, Dupree & Milam, Lubbock, Tex., for defendant.

## OPINION

SANDERS, District Judge.

This case requires the court to construe the notice of claim provision § 4.01(a) in the Medical Liability and Insurance Improvement Act of Texas, Tex.Rev.Civ.Stat.Ann. art. 4590i (Vernon Supp.1980) (the "Act"). The issue is whether a plaintiff's failure to give notice of a health care liability claim to the defendant 60 days before filing suit, as required by this statute, will result in dismissal of the suit. The Court holds failure to give notice of the claim does not bar suit on the claim.

*Erie* requires a federal court to decide this case as it believes a Texas court would decide it.[1] No Texas court has yet construed § 4.01(a). With no state law precedents the Court must use other means to construe § 4.01(a). A federal court faced with interpreting a new state statute in a diversity case cannot simply decide what it believes was the legislature's intent when it passed the statute; it has the further obligation to decide legislative intent as a Texas court would.

The Court will examine first the language of § 4.01(a),.and then place it in the context of the entire Act with the history and the purposes of the Act in mind. Similar medical malpractice notice of claim statutes of other states also provide guidance. Other Texas notice of claim statutes, and how Texas courts have construed them, are yet another source of assistance.

The complaint in this case alleges in 1977 Plaintiff Dorothy Burdett's surgeon operated on her hand and wrist. After the surgery she was hospitalized in Methodist Hospital and received physical therapy. She brought this suit against the surgeon alleging he negligently performed the operation, and against Methodist Hospital, alleging its employees negligently injured her in the course of the physical therapy.

Plaintiff has dismissed her suit against the doctor. Defendant Methodist Hospital has filed a motion to dismiss, which the Court has converted to a motion for summary judgment. The hospital, which is a "health care provider" as defined by § 1.03(a)(3) of the Act, says it is undisputed Plaintiff did not give the hospital notice of her claim 60 days before she filed suit as required by § 4.01(a), which states:

> Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.[2]

The hospital argues the sanction for failure to give the 60 days notice is dismissal of the suit because the statute says the notice "shall" be given.

Article 4590i § 4.01(a) is only one provision of this Act, which was passed in 1977 by the 65th Texas Legislature. We turn first to the legislative history of the Act to discern, if possible, the intent of the legislature with respect to § 4.01(a).[3]

---

1. The Texas Legislature intended the provisions of the malpractice legislation to bind state and federal courts in Texas. Tex.Rev.Civ.Stat.Ann. art. 4590i § 1.03(a)(1) (Vernon Supp.1980). Of course, this expression is not binding on a federal court, which must decide for itself whether the rule of law is substantive, and therefore must be applied, or procedural, and can be disregarded.

2. The relevant remainder of article 4590i § 4.01 reads:
 (b) In such pleadings as are subsequently filed in any court, each party shall state that it has fully complied with the provisions of this section and shall provide such evidence thereof as the judge of the court may require to determine if the provisions of this Act have been met.
 (c) Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.
 (d) . . .

3. Texas has no legislative history comparable to the committee reports and Congressional Record for federal statutes. The source for much of the legislative history in this opinion is an article coauthored by Senator Max Sherman and Michael L. Pate, appearing in 10 Tex.Tech L.Rev. 339 (1979) entitled *The Texas Legislature and Medical Malpractice.*

In the mid-1970's there existed what came to be called the "medical malpractice crisis." It was asserted by many that there was a national problem with the availability and exorbitant cost of medical malpractice insurance, caused in part by a sudden increase in medical malpractice suits filed and high settlements and verdicts from those suits. The high insurance rates contributed to a sharp rise in the cost of health care. Like many other state legislatures, the Texas legislature decided that a statutory response to this crisis was needed. The 64th Texas Legislature created the Medical Professional Liability Study Commission, composed of government officials, medical professionals, representatives of the insurance industry, and several other appointees. 1975 Tex.Gen.Laws, ch. 331, § 2 at 872. The commission, known as the Keeton Commission (after its chairman, Dean Page W. Keeton), was charged with making broad recommendations to the legislature regarding the medical malpractice crisis.

In December 1976 the Keeton Commission made its Final Report (the "Report") to the 65th Texas Legislature. The Report made findings about the existence and causes of the medical malpractice crisis, and recommended specific legislation to help curb the rising cost of malpractice insurance and health care.[4] One of the bills recommended by the Keeton Commission was a notice of claim provision similar to § 4.01(a). Final Report of the Texas Medical Professional Liability Study Commission to the 65th Texas Legislature, Legislation Section 53–54 (December, 1976).[5] The notice of claim provision appeared in the House version of the medical malpractice act. Section 4.01 came out of the conference committee, and was enacted as part of the Act.

The following paragraph in the Keeton Commission report is the only clue in the legislative history of the intent of the legislature when it passed § 4.01(a)[6] :

It has been noted that in almost all claims involving a health care provider, the provider is unaware of the claim until a suit is actually filed. It was suggested that a certain number of the claims filed where no payment is made involve patients who feel, rightly or wrongly, that they did not receive proper treatment and patients who, for whatever reason, have misunderstandings with their provider. (In those instances and others involving invalid claims, the Commission felt that discussion between the parties might well bring about an amicable agreement without the necessity for formal action.)

This excerpt indicates that the intent of the notice of claim provision is to encourage settlement of disputes without litigation; it does not reflect a legislative intent to bar an otherwise meritorious claim for failure to give notice prior to suit.

Further support for this interpretation of § 4.01(a) is found in the "Purposes" section of the Act, § 1.02. There the legislature stated the purpose of the Act was to reduce the excessive frequency and severity of health care liability claims, decrease the costs of those claims, assure that awards are related to actual damages, and "*to do so in a manner that will not unduly restrict a claimant's rights any more than necessary to deal with the crisis.*" (Emphasis added). Tex.Rev.Civ.Stat.Ann. art. 4590i § 1.02(b) (1)–(3). Granted, the sanction of dismissal would further the goal of reducing the frequency of claims, but this severe result would also "restrict a claimant's rights . . . more than necessary."

---

**4.** The introductory section to the Medical Liability and Insurance Improvement Act restates many of the findings of the Keeton Commission, and explicitly adopts the findings of the commission's report. Tex.Rev.Civ.Stat.Ann. art. 4590i § 1.02(a)(13) (Vernon Supp.1980).

**5.** The bill the commission recommended did not invoke the sanction of dismissal if the plaintiff failed to give the notice to sue; unlike § 4.01(a) as finally enacted, the commission bill required plaintiff also to "request that the health care provider enter into negotiations with the person to settle the claim."

**6.** Because the legislature incorporated the findings of the commission report into the statute, *see* note 4 *supra*, this excerpt from the report becomes some authority regarding the legislative intent underlying § 4.01(a).

■ Apart from these indications of legislative intent, the very wording of the provision suggests a legislative intent that it not operate to bar a claim for failure to give the 60 days notice. Conspicuous by its absence from § 4.01(a) is any language which makes such notice a condition precedent to filing suit. The language (obviously) does not say that a suit must be dismissed for failure to give the notice. If the legislature had wanted to subject a suit to dismissal for failure to give the notice, the legislature could, and likely would, have so said.

The omission of any sanction is even more glaring when compared to similar medical malpractice notice of claim statutes in other states, which explicitly condition the filing of suit upon the notice of claim. Two other states, Utah and Virginia,[7] had notice of claim statutes for health care liability claims at the time the Texas Legislature passed the Act. Presumably, the Keeton Commission and the legislature had these statutes before them as models for § 4.01.[8] Maine and New Hampshire passed notice of claim statutes about the same time the Texas Legislature enacted article 4590i.[9] The New Hampshire statute is similar to the other three statutes, and illustrates how § 4.01 could have been drafted if the Texas Legislature had wanted to condition the suit upon the notice of claim:

*No action for medical injury shall be commenced until* at least 60 days after service upon the person or persons alleged to be liable, by certified or registered mail, of a written notice of claim setting forth, under oath, the nature and circumstances of the alleged injuries and the damages claimed. If the notice is served within 60 days of the expiration of the period for bringing suit described in RSA 507–C:4, the time for commencement of the action shall be extended 60 days from the service of the notice.

N.H.Rev.Stat.Ann. § 507–C:5 (Supp.1979) (emphasis added). The Maine statute also begins with the language "no action . . shall be commenced until" the notice of claim is given; Virginia's begins, "No action may be brought . . . unless the claimant notifies [the] health care provider . . . ." Utah similarly states that "no malpractice action against a health care provider may be initiated unless and until" the plaintiff gives the required notice. No such language appears in the Texas version. The statute merely states that the 60 days notice "shall" be given.

■ The Court turns next for assistance to other Texas notice of claim provisions. One such provision is in the worker's compensation laws, art. 8307 § 4a,[10] and another is in the Texas Tort Claims Act, art. 6252–19 § 16.[11] The Court observes that both of

---

7. 1976 Utah Laws, ch. 23, § 8, Utah Code Ann. § 78–14–8 (Supp.1979); 1976 Va. Acts, ch. 611, Va.Code § 8.01–581.2 (1977).

8. Reports by commissions studying the medical malpractice crisis in Utah and Virginia, which were made to those state legislatures, were included in the materials gathered by the Keeton Commission. Final Report of The Texas Medical Professional Liability Study Commission to the 65th Texas Legislature Appendix at 46 (1976).

9. 1977 Me. Acts, ch. 492, § 3, Me.Rev.Stat.Ann. tit. 24, § 2903 (West. Supp.1979–80); 1977 N.H. Laws, 417:22, N.H.Rev.Stat.Ann. § 507–C:5 (Supp.1979).

10. This statute requires notice of the injury to be given to the employer or the insurance carrier 30 days after the injury. The statute provides two exceptions to strict compliance with this provision. One exception applies where the employer or insurance carrier already had actual notice of the injury; the other exception allows the Board to waive this 30 day notice requirement for "good cause."

There is another notice of claim statute in the worker's compensation laws—art. 8307 § 5—which is not mentioned in the text because it is more in the nature of a notice of appeal statute. In order to appeal the Board's final decision to state court the claimant must give notice of his intent to file the suit or the suit will be barred. Tex.Rev.Civ.Stat.Ann. art. 8307 § 5 (Vernon 1967); *Clawson v. Texas Employers' Insurance Association,* 469 S.W.2d 192 (Tex.Civ.App.— Houston [14th Dist.] 1971), *aff'd* 475 S.W.2d 735 (Tex.1972).

11. The Texas Tort Claims Act notice of claim provision, Tex.Rev.Civ.Stat.Ann. art. 6252–19 § 16 (Vernon Supp.1980), is phrased much like art. 4590i § 4.01(a), the malpractice notice of claim statute.

these notice of claim provisions include statutory exceptions to the notice requirement. These exceptions permit a court to afford equitable relief to a plaintiff who fails to comply with the strict terms of the provision. Thus, the legislature protects a plaintiff from the harsh remedy of dismissal in appropriate cases.

 The Texas courts also protect a plaintiff by liberally construing a notice of claim statute when the suit is against a private defendant. Courts have held that the worker's compensation notice of claim statute is to be liberally construed in favor of the claimant. *Lewis v. American Surety Co.*, 143 Tex. 286, 184 S.W.2d 137 (1945); *Harleysville Mutual Insurance Co. v. Frierson*, 455 S.W.2d 370 (Tex.Civ.App.—Houston [14th Dist.] 1970, no writ). But Texas courts have asserted that the Tort Claims Act notice of claim provision, which is similar in wording to the malpractice notice of claim provision now before the Court, should be strictly construed against the claimant. *Bowling v. City of Port Arthur*, 522 S.W.2d 270 (Tex.Civ.App.—Beaumont 1975, writ ref'd n. r. e.); *see Bell v. Dallas-Fort Worth Regional Airport Board*, 427 F.Supp. 927 (N.D.Tex.1977). This seeming contradiction in interpretation can be explained by distinguishing between the types of defendants protected by these statutes. The Tort Claims Act permits suit against governmental entities, and, therefore, is in derogation of the common law rule of sovereign immunity. *See* Tex.Rev.Civ.Stat. Ann. art. 6252–19 § 4 (Vernon 1970). It is in keeping with the common law protection of the sovereign from suit that this statute, which grants a limited waiver of that immunity, should be strictly construed in favor of the defendant government. But the

worker's compensation suit, like a malpractice action, is a suit against a private defendant who enjoys no common law immunity from suit.

From the foregoing discussion the Court deduces the principle that where a suit is against a private defendant, a notice of claim statute should be liberally construed in favor of the claimant. The application of this principle to § 4.01(a) provides additional support for the conclusion here reached.

Plaintiff's failure to comply with the 60 days notice requirement of § 4.01(a) is not a basis for dismissal of her suit.

Defendant's Motion for Summary Judgment is, accordingly, denied.

So ordered.

---

*Except where there is actual notice* on the part of the governmental unit that death has occurred or that the claimant has received some injury or that property of the claimant has been damaged, any person making a claim hereunder shall give notice of the same to the governmental against which such claim is made, reasonably describing the damage or injury claimed and the time, manner and place of the incident from which it arose, within six months from the date of the incident. Provided, however, except where there is such actual notice, charter and ordinance provisions of cities requiring notice within a charter period permitted by law are hereby expressly ratified and approved. (emphasis added).

The emphasized portion states the statutory exception for actual notice, which is missing from the provision now before the Court, and which operates to alleviate the severity of the notice of claim requirement.