David Joe SCHEPPS, et al., Appellants,

v.

**PRESBYTERIAN HOSPITAL OF DALLAS, et al., Appellees.**

**No. 21110.**

Court of Appeals of Texas, Dallas.

July 8, 1982.

Rehearing Denied Aug. 23, 1982.

William R. Eddleman, Gary Shane Pfleeger, Dallas, for appellants.

Gerald H. Grissom, Thompson & Knight, C. Steven Matlock, Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellees.

Before AKIN, ALLEN and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from a summary judgment in a medical malpractice case wherein appellant was denied relief because he failed to comply with the sixty day notice provision of the Medical Liability and Insurance Improvement Act of Texas, Tex. Rev. Civ. Stat. Ann. art. 4590i, § 4.01 (Vernon Supp. 1982). The question before this court is whether the notice requirement is mandatory or merely directory. We hold that the Act requires that any person asserting a health care liability claim must give written notice by certified mail to each physician or health care provider against whom such a claim is asserted at least sixty days before the filing of a suit on the claim and that failure to give that notice is a bar to prosecution of the suit.

Robert Allen Schepps was injured in a car accident on July 16, 1978, and died three days later. On May 12, 1980, his parents filed suit against Presbyterian Hospital of Dallas, Dr. James N. Cotter, Jr. and Dr. Patterson S. Reaves who treated Robert following the accident. Plaintiff's Original Petition did not allege that notice was given to the defendants prior to filing the suit. Defendants moved for summary judgment based on failure to give notice at least sixty days prior to filing suit under § 4.01 of the Medical Liability and Insurance Improvement Act. The trial court granted defendant's motion and rendered a take nothing judgment.

Appellants contend that section 4.01 of the Act is not mandatory and that failure to comply with the notice provision should not result in the loss of their cause of action. Both the language of the statute and the function of the statute, however dictate otherwise. Section 4.01 provides as follows:

### Notice

(a) Any person or his authorized agent asserting a health care liability claim *shall* give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom ·such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.

(b) In such pleadings as are subsequently filed in any court, each party *shall state that it has fully complied with the provisions of this section and shall provide such evidence thereof* as the judge of the court may require to determine if the provisions of this Act have been met.

(c) Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

(d) All parties shall be entitled to obtain complete and unaltered copies of the claimant's medical records from any other party within 10 days from the date of receipt of a written request for such records; provided, however, that the receipt of a medical authorization executed by the claimant herein shall be considered compliance by the claimant with this section. [Emphasis added]

Our first observation is that the language of the statute itself suggests that the sixty day notice provision is not optional or merely directive. The word "shall" is used in both subsections (a) and (b). "Shall," when used in statutes, is generally imperative or mandatory unless legislative intent suggests otherwise. *Black's Law Dictionary* (rev. 4th ed. 1968). *See Gayle v. Alexander,*

**158**

75 S.W.2d 706 (Tex.Civ.App.—Waco 1934, no writ).

 Furthermore, an examination of the function of the provision leads to the conclusion that to interpret the statute as merely permissive would render the provision meaningless. The provision requires a claimant to give written notice by certified mail to each potential defendant at least sixty days before filing suit against those defendants. If such notice were optional, there would be little reason for inclusion of the provision in the Act. It is presumed that the legislature did not intend to do a useless thing in enacting a statute. *Brown v. Memorial Villages Water Authority,* 361 S.W.2d 453 (Tex.Civ.App.—Houston [14th] 1962, writ ref'd n.r.e.). Therefore, in order to avoid rendering Section 4.01 meaningless, we are compelled to interpret this provision of the statute.

We note that a federal district court held the notice requirement to be merely directory in *Burdett v. Methodist Hospital,* 484 F.Supp. 1338 (N.D. Tex. 1980). We decline to follow *Burdett* because we disagree with that court's logic. *Burdett* correctly recites the legislative intent as that of encouraging settlement of claims without litigation, *Id.* at 1340, but then goes on to rely primarily on one of the purposes stated in § 1.02 of the Act which states that the Act must not unduly restrict a claimant's rights any more than necessary to deal with the medical malpractice crisis. In our analysis, by inserting a mandatory notice provision, the legislature decided that a notice requirement was not unduly restrictive. A mandatory notice requirement, conversely from the logic of *Burdett,* in fact, clearly favors the intent of the legislature to reduce litigation through pre-litigation settlement of claims.

In observing the separate paragraph devoted by the legislature to judicial review of the notice in § 4.01(b) of the Medical Liability and Insurance Improvement Act and the detail specified for the notice in § 4.01(a), it appears that notice was intended to be a condition precedent to the bringing of such suits in the courts of Texas.

Thus, the proper procedural disposition of the claim filed without compliance with the notice requirement of the Act is dismissal of the suit. *See Mitchell v. Sheppard,* 13 Tex. 484 (1855). Accordingly, we reverse the summary judgment granted by the trial court and remand the case with directions that the trial judge dismiss this cause without prejudice.