**Hattie Mae WILBORN, Appellant,**

v.

**UNIVERSITY HOSPITAL, a/k/a Southpark Hospital, Appellee.**

**No. 07–81–0103–CV.**

Court of Appeals of Texas, Amarillo.

Oct. 19, 1982.

Law Offices of O'Shea & Hall, P.C., Mark C. Hall, Lubbock, for appellant.

Carr, Evans, Fouts & Hunt, Donald M. Hunt, Lubbock, for appellee.

Before DODSON, COUNTISS and BOYD, JJ.

COUNTISS, Justice.

This suit, based on a health care liability claim by appellant Hattie Mae Wilborn against appellee University Hospital, was dismissed without prejudice by the trial court because Wilborn did not comply with § 4.01 of the Medical Liability and Insurance Improvement Act, Tex.Rev.Civ.Stat. Ann. art. 4590i (Vernon Supp.1981).* We affirm.

Wilborn filed suit against the hospital on December 16, 1980, alleging that on December 18, 1978, she slipped and fell on a slick floor and was injured because of the hospital's negligence. The hospital responded with a sworn motion to dismiss, stating that Wilborn had not given notice of her claim or plead compliance with the Act as required by § 4.01. Wilborn's sworn response stated that "a notice of injury was sent through Plaintiff's attorney of record on or about January 9, 1979," and she attached a copy of a letter to the hospital, dated January 9, 1979, stating:

Please be advised that we represent Hattie Mae Wilborn regarding injuries suffered by her when she fell at your hospital on December 18, 1978. It is our understanding that she was being treated for pneumonia and was a patient at your hospital at this time for that condition. Two nurses were walking her down the hall when she evidently became faint, lost her balance, and fell injuring her back and head, the extent of such injuries which are unknown at this time but for which she has been treated by another physician in the hospital since then. She was released from your hospital the next day, December 19, 1978.

Request is hereby made at this time for copies of her hospitalization records and doctors reports. Please be advised that we are at this time merely investigating this case and would welcome any explanations for the nurses neglect in allowing her to slip and fall on the tile floor at the hospital.

We advise that you consult with your attorney or insurance carrier.

Wilborn also amended her pleadings, but instead of alleging compliance with § 4.01 of the Act, she alleged that she mailed notice of her claim "pursuant to the provisions of Section 16 of Article 6252–19 of the Texas Revised Civil Statutes."

■ The trial court granted the hospital's motion and dismissed the case without prejudice. Wilborn then filed a motion for new trial and attached an affidavit in which an insurance adjuster said he had discussed the claim with Wilborn's attorney "prior to the month of December, 1980." After the motion was overruled, this appeal was perfected. Under a single point of error, Wilborn argues that compliance with the notice requirement of the Act is not mandatory and argues alternatively that she substantially complied with the Act. We do not agree with either contention.

Section 4.01, as pertinent here, reads as follows:

Sec. 4.01. (a) Any person or his authorized agent asserting a health care liabili-

---

* The statute will be referred to as the Act or as § 4.01.

ty claim *shall* give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.

(b) In such pleadings as are subsequently filed in any court, each party *shall* state that it has fully complied with the provisions of this section and shall provide such evidence thereof as the judge of the court may require to determine if the provisions of this Act have been met.

(c) Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.

\* \* \* \* \* \*

[Emphasis added.]

The argument that compliance with § 4.01 is directory instead of mandatory was recently rejected in *Schepps v. Presbyterian Hospital of Dallas,* 638 S.W.2d 156 (Tex. App.1982, writ pending). The court of appeals first observed that a "shall" statute is mandatory unless legislative intent suggests otherwise. The court then examined the Act, found nothing to indicate that the Legislature intended "shall" to be directory and concluded that § 4.01 would be meaningless unless it was interpreted as a mandatory statute. Consequently, the court held:

> [T]he Act requires that any person asserting a health care liability claim must give written notice by certified mail to each physician or health care provider against whom such a claim is asserted at least sixty days before the filing of a suit on the claim and ... failure to give that notice is a bar to prosecution of the suit. [Footnotes omitted.]

The same result is suggested in the discussion of § 4.01 in J. Purdue, The Law of Texas Medical Malpractice § 10.02 (Supp. 1978):

> Written notice must be sent by certified mail, return receipt requested, at least sixty days prior to filing a suit.... This notice is extremely important. The peremptory wording of the applicable statute indicates that the notice requirement is jurisdictional.

We agree with and adopt both the reasoning and the result of *Schepps.* It follows that Wilborn's first argument must be rejected.

■ Wilborn's second argument, that she substantially complied with § 4.01 by sending the letter quoted above and by discussing the claim with an insurance adjuster, must also be rejected. The letter does not meet the mandatory requirements of the Act for two reasons. First, it is not notice that Wilborn is asserting a claim against the hospital. Instead, it requests information and tells the hospital that her counsel is "merely investigating" the case and would welcome the hospital's explanation. *See Corbamex, S.A. v. Republic Carloading & Distrib. Co.,* 378 S.W.2d 938 (Tex.Civ.App. —San Antonio 1964, writ ref'd n.r.e.). Second, there is no evidence that the letter was sent by certified mail, return receipt requested, as required by the Act. The certified mail requirement is stated in the same mandatory language as the notice requirement and must be complied with for the same reasons.

The affidavit of the insurance adjuster, attached to the motion for new trial, also fails to satisfy the Act. The affidavit is not evidence of the facts advanced. *Cook v. Chapa,* 492 S.W.2d 339, 341 (Tex.Civ.App.— Amarillo 1973, writ dism'd). If it were, nothing in the Act indicates that a discussion with an insurance adjuster is compliance with § 4.01.

The trial court's judgment must be affirmed for an additional reason. Subsection (b) of § 4.01 is mandatory and requires the claimant "in such pleadings as are subsequently filed in any court" to plead "that it has fully complied with the provisions of this section ...." Wilborn's petition did not plead such compliance. Instead, when she amended, she plead compliance with

Tex.Rev.Civ.Stats.Ann. art. 6252–19 (Vernon 1970), the Texas Tort Claims Act.

For the foregoing reasons, Wilborn's ground of error is overruled. One other matter deserves attention, however. We observe that the trial court's dismissal was without prejudice, which was the correct disposition. *Schepps v. Presbyterian Hospital of Dallas, supra.* A party should be given the opportunity to refile the case after complying with the Act, subject, of course, to all defenses permitted by law including statutes of limitation.

The judgment of the trial court is affirmed.