**Becky BABER, Plaintiff-Appellant,**

v.

**Clare EDMAN, M.D., Defendant-Appellee.**

No. 82–1718

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Nov. 10, 1983.

Edward C. Alker, Metairie, La., for plaintiff-appellant.

Strasburger & Price, Bryan J. Maedgen, Sheree Lynn McCall, Dallas, Tex., for defendant-appellee.

Before CLARK, Chief Judge, RUBIN and JOLLY, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

Becky Baber filed this diversity suit against Doctor Clare Edman, Southwestern Medical School, and the University of Texas Health Science Center at Dallas for gross negligence in performing an abortion. The institutional defendants, adjudged entities of the state, were dismissed from the action for lack of personal jurisdiction. Nine months after Baber filed her complaint, Dr. Edman amended his answer to allege that the court lacked jurisdiction over the dispute because Baber had failed to give him written notice of her intent to sue at least sixty days before asserting her claim, as required by Texas law.[1] After two years of

---

1. Tex.Rev.Civ.Stat.Ann. art. 4590i § 4.01 (Vernon Supp.1982) reads as follows:

   (a) Any person or his authorized agent asserting a health care liability claim shall give written notice of such claim by certified mail, return receipt requested, to each physician or health care provider against whom such claim is being made at least 60 days before the filing of a suit in any court of this state based upon a health care liability claim.
   (b) In such pleadings as are subsequently filed in any court, each party shall state that it has fully complied with the provisions of this section and shall provide such evidence

   thereof as the judge of the court may require to determine if the provisions of this Act have been met.
   (c) Notice given as provided in this Act shall toll the applicable statute of limitations to and including a period of 75 days following the giving of the notice, and this tolling shall apply to all parties and potential parties.
   (d) All parties shall be entitled to obtain complete and unaltered copies of the claimant's medical records from any other party within 10 days from the date of receipt of a written request for such records; provided, however, that the receipt of a medical autho-

discovery, Dr. Edman moved to dismiss the action against him because of Baber's failure to comply with the statute. The district court, following an interpretation of the statute by the Texas Court of Civil Appeals,[2] dismissed Baber's suit without prejudice. Aware that the Texas Supreme Court had granted a writ of error in the controlling case, we stayed proceedings to await its decision. The Texas Supreme Court has now decided that, although notice is mandatory, a case should not be dismissed for failure of notice, but instead should simply be stayed for 60 days to permit such notice.[3] Accordingly, we reverse the dismissal and remand for entry of a stay in accordance with Texas law.

This procedural requirement must be met before a medical malpractice claim grounded on Texas law can be filed in a federal court exercising diversity jurisdiction. The Texas legislature's purposes were to encourage the settlement of disputes without litigation and to curb the rising costs of medical malpractice insurance and health care. The legislature intended the notice statute to bind federal courts in Texas,[4] for it would frustrate the purposes of the statute for diversity plaintiffs to neglect furnishing their potential defendants with notice of their intent to file suit and the attendant opportunity to settle in advance of expensive litigation. The notice statute is so intertwined with Texas's substantive policy on medical malpractice actions that, to give that policy full effect, federal courts sitting in diversity must enforce its requirements.[5]

Baber argues that, although she did not give notice to Dr. Edman by certified mail

at least sixty days before filing her complaint, she effectively complied with the statutory requirements because the medical authorization she sent to the general counsel of the University of Texas System and the letters between her attorney and the general counsel regarding mutual furnishing of medical records gave the defendants notice that she might file a complaint. Dr. Edman, who was on the staff of the University of Texas System, should therefore be deemed to have received notice. Baber's argument is foreclosed, however, by the *Schepps* holding that strict compliance with the notice statute is a prerequisite to every malpractice suit.

If notice is not given sixty days before suit is filed, "the cause should be abated for sixty days." *Schepps v. Presbyterian Hospital of Dallas,* 652 S.W.2d 934, 936, 938 (Tex.1983). Because it is undisputed that Baber failed to give notice to Dr. Edman sixty days before filing suit, the case is REMANDED to the district court with instructions to stay proceedings for sixty days. Each party is to bear its own costs.

---

rization executed by the claimant herein shall be considered compliance by the claimant with this section.

2. *Schepps v. Presbyterian Hospital of Dallas,* 638 S.W.2d 156 (Tex.Civ.App.1982).

3. *Schepps v. Presbyterian Hospital of Dallas,* 652 S.W.2d 934 (Tex.1983).

4. Tex.Rev.Civ.Stat.Ann. art. 4590i § 1.03(a)(1) (Vernon Supp.1982).

5. Cf. *Woods v. Holy Cross Hosp.,* 591 F.2d 1164, 1168–69 (5th Cir.1979) (whether by sub-

stance-procedure test, outcome-determinative test, or discouragement-of-forum-shopping test, Florida statutory requirement that medical malpractice claimant participate in mediation before bringing suit must be enforced in diversity case); *Conway v. Chemical Leaman Tank Lines, Inc.,* 540 F.2d 837, 838–39 (5th Cir.1976) (state evidentiary rules applicable in federal courts when intertwined with substantive law, quoting 9 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 2405 (1971)).