IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
December 14, 2010 Session

# KARAH and RYAN DePUE, ET AL. v. CHARLES D. SCHROEDER, ET AL.

Appeal from the Circuit Court for Knox County
No. 2-262-09      Harold Wimberly, Judge

No. E2010-00504-COA-R9-CV - Filed February 15, 2011

JOHN W. MCCLARTY, J., dissenting.

I cannot agree with the majority opinion, as I do not believe that filing a complaint seven days early should defeat the cause of action.

Despite the notice requirements of Tenn. Code Ann. § 29-26-121, the plaintiffs did not give the requisite notice, "at least 60 days before the filing of their Complaint." Plaintiffs' counsel filed the complaint about 53 days after notice was given. Counsel pleads that her failure to wait the full 60 days before filing the complaint should not be fatal to the claims of her clients. The trial court excused full compliance with the statutory provision, finding that there was substantial compliance and no prejudice resulted from the premature filing of the complaint. Thus, the trial court exercised its discretionary power granted in Tenn. Code Ann. § 29-26-121(b) to waive the deficiency in the notice provision. The majority disagrees and finds that "this misunderstanding/oversight of plaintiffs' counsel would [not] constitute 'extraordinary cause' as required by the statute to excuse compliance with the notice requirements."

The majority opinion relied upon our decision in *Howell v. Claiborne and Hughes Health Ctr.*, No M2009-01683-COA-R3-CV, 2010 WL 2539651 (Tenn. Ct. App. M.S., June 24, 2010), which was based on *Jenkins v. Marvel*, 683 F.Supp. 2d 626 (E.D. Tenn. Jan. 14, 2010). The findings in *Jenkins* were made after comparing Tennessee's statute to a similar Texas statute.

As noted in the *Howell* decision,

the Tennessee legislature recognized the need to create an exception to the notice requirement so that it would not be an absolute bar to all claims whatsoever for failure to comply with the notice requirements. The legislature created such an exception by providing that "[t]he court has discretion to excuse compliance with the section only for extraordinary cause shown." Tenn. Code Ann. § 29-26-121(b). Accordingly, we review the trial court's decision not to allow an exception under an

abuse of discretion standard. A trial court abuses its discretion when it has applied an incorrect legal standard **or** *has reached a decision which is against logic or reasoning that caused an injustice to the party complaining*.

*Howell*, 2010 WL 2539651, at *16 (emphasis added).

I find it significant that the *Howell* court remarked on the importance of the fact that a Certificate of Good Faith had been filed in that case; one was likewise timely filed in the instant case. As noted in *Jenkins*, "one of the other important purposes of the Medical Malpractice Act [is] to dispose of frivolous suits before any party incur[s] substantial litigation expenses." The filing of the Certificate of Good Faith indicating that an expert has reviewed the claims and has certified that they are taken in good faith 'satisfies the goal of attempting to ensure that suits proceeding through litigation have some merit." 683 F.Supp.2d at 639.

By so strictly applying Tenn. Code Ann. § 29-26-121 as the majority has done, this court is requiring the dismissal of an action certified to have been taken in good faith involving claims with some merit. The law in this state favors resolution of all disputes on the merits. The plaintiffs complied with the "spirit" of the statute and gave the defendants notice and some amount of time to respond, try to settle, or otherwise investigate the claims. Viewing this case through a more liberal filter, I do not find that the trial court abused its discretion because it did not "reach[ ] a decision which is against logic or [use] reasoning that caused an injustice to the party complaining." *See Howell*, 2010 WL 2539651, at *16.

Following the lead of *Jenkins* and *Howell*, I would look to Texas law for further guidance. In *Burdett v. Methodist Hosp.*, 484 F.Supp. 1338 (N.D. Tex. 1980), the court found that failure to give written notice of claim to a health care provider 60 days before filing suit does not bar an otherwise meritorious claim. The *Burdett* Court noted that the sanction of dismissal, while furthering the goal of reducing the frequency of claims, would "restrict a claimant's rights . . . more than necessary."[1] 484 F.Supp. at 1340. Additionally, in *Baber v. Edman*, 719 F.2d 122 (5th Cir.

---

[1]The Texas legislature had created the Medical Professional Liability Study Commission to make broad recommendations to the legislature regarding the medical malpractice crisis. The Commission made the following observation:

It has been noted that in almost all claims involving a health care provider, the provider is unaware of the claim until a suit is actually filed. It was suggested that a certain number of the claims filed where no payment is made involve patients who feel, rightly or wrongly, that they did not receive proper treatment and patients who, for whatever reason, have misunderstandings with their provider.

In those instances and others involving invalid claims, the Commission felt that discussion between the parties might well bring about an amicable agreement without the necessity for formal action.

(continued...)

1983), applying Texas law, the appellate court found error in dismissal of the case and stayed the action to allow a medical malpractice plaintiff to give the statutorily required 60-day notice. The *Baber* Court cited *Schepps v. Presbyterian Hosp. of Dallas*, 652 S.W.2d 934, 936, 938 (Tex. 1983) for the holding that "[i]f notice is not given sixty days before suit is filed, 'the cause should be abated for sixty days.'" *Baber*, 719 F.2d at 123.

Accordingly, as I concur with the opinion of the trial judge, I dissent.

_____
JOHN W. McCLARTY, JUDGE

---

[1](...continued)
The *Burdett* Court opined that *"[t]his excerpt indicates that the intent of the notice of claim provision is to encourage settlement of disputes without litigation; it does not reflect a legislative intent to bar an otherwise meritorious claim for failure to give notice prior to suit." Burdett,* 484 F.Supp. at 1340 (emphasis added).